**20 CV 4583**

**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
PENSKE MEDIA CORPORATION,

                  Plaintiff,

               v.

SHUTTERSTOCK, INC.

                  Defendant.
---------------------------------------------------------------x

Civil Action No.

**PLAINTIFF'S *EX PARTE* APPLICATION TO FILE PARTIALLY REDACTED COMPLAINT AND UNDER SEAL**

**JUDGE VYSKOCIL**

Pursuant to the Amended Standing Order for the Southern District of New York, 15-mc-131, and Rule 6.17 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, Plaintiff Penske Media Corporation ("PMC"), by and through its undersigned counsel, respectfully applies *ex parte*, on showing of compelling need, for an order allowing it to file under seal portions of its Complaint against Defendant Shutterstock, Inc, and to also file a redacted version of its Complaint on the public docket. Alternatively, PMC respectfully requests that the Complaint be provisionally placed under seal until Shutterstock has appeared in this case and can be heard on the issue of sealing. The grounds for PMC's application are as follows:

PMC and Shutterstock are parties to a written agreement. PMC brings this action to remedy Shutterstock's attempt to wrongfully terminate that agreement, as well as for other breaches of that contract as well as its implied covenant of good faith and fair dealing, and for violations of copyright law. The agreement contains a confidentiality provision that prohibits either party from disclosing the agreement's terms except as required by law (and, even then, only after reasonable notice and efforts to limit disclosure). The parties heavily negotiated the agreement, which is multi-faceted and governs the parties' relationship over a multi-year period.

MEMO ENDORSED

The parties publicly disclosed many aspects of the agreement in 2015, at the time they entered into the agreement. However, the agreement includes certain proprietary and sensitive financial and other information regarding the parties' bargain that PMC did not disclose (and which it believes Shutterstock also did not disclose) that would put PMC at a competitive disadvantage in negotiating with other potential licensing partners or related third parties. Moreover, PMC fears that it would be at risk of a counterclaim by Defendant for breaching the agreement's confidentiality provision were PMC unilaterally to file an unredacted version of the Complaint on the public docket containing the non-public information and without seeking an order from this Court allowing it to file portions of the Complaint under seal.

Although there is a long-established general presumption in favor of public access to judicial documents, *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995), "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation omitted).

To determine whether sealing is warranted, courts engage in a three-step process. First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted). PMC concedes that the Complaint is such a document. Second, the Court determines "the weight of the presumption of access to that document." *Id.* (quotation omitted). "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation omitted). Third, the Court weighs the "factors that legitimately

counsel against disclosure" against "the weight properly accorded the presumption of access" to the material. *Id.*

Given the limited redactions that PMC proposes, the public will have sufficient access to the structure and operation of the agreement to understand the Court's decision on the principle issues in this case, thus satisfying the second prong.

With respect to the third factor, the information that PMC seeks to redact includes sensitive financial information, and Courts "routinely permit parties to redact sensitive financial information" from public filings. *Graczyk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (collecting cases); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (concluding that material concerning party's costs should remain under seal); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing information regarding the "rates charged and incentives offered" due to the economic harm its release could cause). PMC's interest in protecting information subject to a confidentiality agreement also can justify granting a limited application to seal. *E.g. Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (finding good cause to seal agreement that was confidential "by its express terms" and where the plaintiff "was prohibited from disclosing its content").

PMC respectfully request that this Court grant this motion to seal because PMC's proposed redactions to the Complaint, attached hereto as <u>Exhibit 1</u>, are narrowly tailored and seek to protect only those limited portions of the Complaint that refer to the substance or terms of the agreement between PMC and Shutterstock that have not otherwise been publicly disclosed and no less restrictive means exist to prevent disclosure to the public. In the alternative, PMC respectfully requests that the proposed redactions to the Complaint remain provisionally under

seal (with PMC filing the redacted version of the Complaint attached hereto as <u>Exhibit 2</u> on the public docket) until such time as proof of service of the summons and Complaint is returned and filed by PMC with the Clerk of the Court, issue has been joined by Shutterstock, and Shutterstock can be heard on sealing.

Dated: New York, New York
June 12, 2020

SHAPIRO ARATO BACH LLP

By: _____
Cynthia S. Arato
Lauren M. Capaccio

500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 257-4882
Facsimile: (212) 202-6417
carato@shapiroarato.com

*Attorneys for Plaintiff Penske Media Corporation*

Application GRANTED pending further order of the assigned District Court Judge.

SO ORDERED:

June 15, 2020