UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PENSKE MEDIA CORPORATION,                   :
                                            :
                                            :  No. 1:20-CV-04583 (MKV)
                          Plaintiff,        :
                                            :
                                            :  **ANSWER TO**
                                            :  **COUNTERCLAIMS**
           v.                               :
                                            :
SHUTTERSTOCK, INC.                          :
                                            :
                          Defendant.        :
------------------------------------------------------------x

Plaintiff Penske Media Corporation ("PMC"), by its attorneys, responds to the allegations contained in Defendant Shutterstock, Inc.'s Counterclaims as follows:

1. PMC admits that it and Shutterstock are parties to the noted agreement and that various events were cancelled, postponed, or modified as a result of COVID-19. PMC otherwise denies the allegations in paragraph 1.

2. PMC admits that it filed an action against Shutterstock asserting claims for relief, including a claim for copyright infringement. PMC otherwise denies the allegations in paragraph 2.

3. PMC denies the allegations in paragraph 3.

4. PMC denies the allegations in paragraph 4.

5. PMC admits that Shutterstock's principal place of business is in New York and denies knowledge or information regarding Shutterstock's state of incorporation.

6. PMC admits the allegations in paragraph 6.

7. The allegations in paragraph 7 contain legal conclusions to which no response is required.

8. The allegations in paragraph 8 contain legal conclusions to which no response is required.

9. The allegations in paragraph 9 contain legal conclusions to which no response is required, although PMC avers that it does not contest this Court's jurisdiction over it.

10. The allegations in paragraph 10 contain legal conclusions to which no response is required, although PMC avers that it does not contest that venue is proper in this District.

11. PMC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. PMC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that Shutterstock was a stock photograph agency and previously acquired Rex Features.

13. PMC denies the allegations in paragraph 13, except admits that the parties entered into the noted agreement effective as of July 1, 2015 and publicly announced the agreement in June 2015; admits and further avers that it is a digital media, publishing, and information services company that, among other things, it publishes brands including *Women's Wear Daily*, *Variety*, and *Rolling Stone*; and respectfully refers the Court to the agreement for its contents.

14. PMC admits the allegations in paragraph 14, except denies that PMC had a similar deal with Getty Images or that PMC noted that it intended to "leverage

Shutterstock's outstanding technology and innovative marketplace for [PMC's] editorial photography business" in the parties' press release announcing the agreement.

15. PMC denies the allegations in paragraph 15, except denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Shutterstock's intentions and opinions.

16. PMC respectfully refers the Court to the agreement for its contents and denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 regarding Shutterstock's intentions and opinions.

17. PMC respectfully refers the Court to the agreement for its contents and admits and further avers that the parties' press release announcing the agreement described the digital asset management service component of the agreement substantially as alleged in paragraph 17.

18. PMC admits the allegations in paragraph 18, except denies the implication that PMC did not provide Shutterstock with contractual benefits under the agreement in 2020.

19. PMC admits the allegations in paragraph 19.

20. PMC denies the allegations in paragraph 20, except admits that certain events originally scheduled to occur between mid-March and June 30, 2020 were cancelled or postponed

21. PMC denies the allegations in paragraph 21.

22. PMC denies the allegations in paragraph 22.

23. PMC admits the allegations in paragraph 23.

24. PMC denies the allegations in paragraph 24, except admits that the format of various events changed in light of COVID-19 and that *Variety* published a news article that included the text quoted in this paragraph.

25. PMC denies the allegations in paragraph 25, except denies knowledge or information regarding the timing or occurrence of widespread vaccination.

26. PMC denies the allegations in paragraph 26.

27. PMC respectfully refers the Court to the agreement for its contents.

28. PMC denies the allegations in paragraph 28, except denies knowledge or information regarding any Shutterstock "expectation" and that any month-to-month calculation or comparison is appropriate under the agreement.

29. PMC denies the allegations in paragraph 29 except admits and further avers that PMC obtained various contractual benefits under the agreement in the few months between mid-March 2020 and the date on which Shutterstock purported to terminate the agreement.

30. PMC denies the allegations in paragraph 30, except denies knowledge or information regarding any alleged use of the noted account on or after July 17, 2020, including because Shutterstock has refused PMC's repeated request for information regarding this allegation.

31. PMC denies the allegations in paragraph 31, except admit that Shutterstock sent a letter to PMC on May 18, 2020 and respectfully refers the Court to the letter for its contents.

32. PMC respectfully refers the Court to the noted May 18, 2020 letter for its contents and denies that PMC breached any obligation under the agreement or cancelled any Third Party Event.

33. PMC respectfully refers the Court to the noted May 18, 2020 letter for its contents.

34. PMC denies the allegations in paragraph 34 and further denies that PMC breached any obligation under the agreement, including any that would necessitate a cure.

35. PMC denies the allegations in paragraph 35, except admits and further avers that PMC filed this action to remedy Shutterstock's misconduct, admits that PMC purchased a portion of the parent company of *The Hollywood Reporter*, and admits that the New York Post published the noted article and respectfully refers the Court to that article for its contents.

36. PMC denies the allegations in paragraph 36, except admits that PMC filed a complaint and an amended complaint in this action and admits and further avers that due to an inadvertent error included images in its copyright registrations over which it does not assert copyright ownership, a position it informed Shutterstock about months ago.

37. PMC denies the allegations in paragraph 36, except admits that Shutterstock's counsel sent an email to counsel to PMC on or about September 29, 2020 asserting the noted contentions and further avers that PMC has made good faith efforts to resolve this issue and that the parties continue to dispute the ownership of a number of the images at issue.

38. PMC denies the allegations in paragraph 38, except admits that PMC asserts claims against Shutterstock regarding its exploitation of PMC images after the date on which Shutterstock purported to terminate the agreement and denies knowledge or information regarding any alleged obtaining of images on or after July 17, 2020, including because Shutterstock has refused PMC's repeated request for information regarding this allegation.

39. PMC denies the allegations in paragraph 39, except denies knowledge or information regarding any alleged obtaining of images on or after July 17, 2020, including because Shutterstock has refused PMC's repeated request for information regarding this allegation.

40. PMC denies the allegations in paragraph 40, except denies knowledge or information regarding the allegations in paragraph 40, including with respect to any actions taken by or knowledge of Shutterstock.

41. Responding to allegations in paragraph 41, PMC incorporates by reference its responses to paragraphs 1- 40 above.

42. The allegations in paragraph 42 contains conclusions of law to which no response is required.

43. PMC denies the allegations in paragraph 43.

44. PMC denies the allegations in paragraph 44.

45. PMC denies the allegations in paragraph 45.

46. PMC denies the allegations in paragraph 46.

47. PMC admits the allegations in paragraph 47.

48. PMC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. PMC denies the allegations in paragraph 49, except admits the existence of a dispute.

50. PMC denies the allegations in paragraph 50, except admits the existence of a dispute.

51. PMC denies the allegations in paragraph 51.

52. PMC denies the allegations in paragraph 52.

53. Responding to allegations in paragraph 53, PMC incorporates by reference its responses to paragraphs 1- 52 above.

54. PMC denies the allegations in paragraph 54.

55. PMC admits that Shutterstock paid the advance for the 2019-2020 contract term and respectfully refers the Court to the agreement for its contents.

56. PMC denies the allegations in paragraph 56.

57. PMC denies the allegations in paragraph 57.

58. PMC denies the allegations in paragraph 58.

59. Responding to allegations in paragraph 59, PMC incorporates by reference its responses to paragraphs 1- 58 above.

60. PMC denies the allegations in paragraph 60, except admits that the agreement is valid and enforceable.

61. PMC denies the allegations in paragraph 61.

62. PMC denies the allegations in paragraph 62.

63. PMC denies the allegations in paragraph 63.

64. Responding to allegations in paragraph 64, PMC incorporates by reference its responses to paragraphs 1- 63 above.

65. PMC denies the allegations in paragraph 65, except respectfully refers the Court to Shutterstock's website for its contents.

66. PMC denies the allegations in paragraph 66.

67. PMC respectfully refers the Court to Shutterstock's website for its contents.

68. PMC respectfully refers the Court to Shutterstock's website for its contents.

69. PMC denies the allegations in paragraph 69.

70. PMC denies the allegations in paragraph 70.

71. Responding to allegations in paragraph 71, PMC incorporates by reference its responses to paragraphs 1- 70 above.

72. PMC denies the allegations in paragraph 72 and further avers that it is Shutterstock that contends the agreement terminated on a particular date, a contention PMC disputes in that Shutterstock's termination was unlawful and invalid.

73. PMC denies the allegations in paragraph 73, except denies knowledge or information sufficient to form and belief as the truth of the allegations regarding obtaining images through any account established under the agreement.

74. PMC denies the allegations contained in paragraph 74.

75. PMC denies the allegations contained in paragraph 75.

76. PMC denies the allegations contained in paragraph 76.

77. Responding to allegations in paragraph 71, PMC incorporates by reference its responses to paragraphs 1- 70 above.

78. PMC denies the allegations in paragraph 78, except admits and further avers that due to an inadvertent error included images in its copyright registrations over which it does not assert copyright ownership.

79. PMC denies the allegations in paragraph 79.

80. PMC denies the allegations in paragraph 80, except denies knowledge or information sufficient to form a belief as to the truth of the allegations speculating on possible actions by the U.S. Copyright Office.

81. PMC denies the allegations in paragraph 81, except admits the existence of a dispute.

82. PMC denies the allegations in paragraph 82, except admits the existence of a dispute.

83. PMC denies the allegations in paragraph 82, except admits the existence of a dispute.

84. PMC denies the allegations in paragraph 83.

85. PMC admits that Shutterstock seeks the requested relief.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing Shutterstock's burden of proof or admitting that PMC has any burden of proof, PMC asserts the following affirmative defenses

**FIRST AFFIRMATIVE DEFENSE**

86. Shutterstock's Counterclaims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

87. To the extent Shutterstock has any valid claim for damages against PMC, those damages should be offset by damages Shutterstock caused PMC as a result of Shutterstock's wrongful conduct.

**THIRD AFFIRMATIVE DEFENSE**

88. Shutterstock has failed to mitigate its alleged damages and/or losses and, to the extent Shutterstock has suffered any damages and/or losses, recovery is barred or must be reduced accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

89. Shutterstock's claims for damages are limited to the extent barred by the "Limitation of Liability" provision of the operative Agreement.

**FIFTH AFFIRMATIVE DEFENSE**

90. Shutterstock's first two claims for relief are barred by the doctrine of unclean hands, in that Shutterstock knowingly accepted benefits under the Agreement during the time period Shutterstock now contends the Agreement was unenforceable and should be declared rescinded.

**SIXTH AFFIRMATIVE DEFENSE**

91. Shutterstock's first two claims for relief are barred by the doctrines of waiver and estoppel, in that Shutterstock knowingly accepted benefits under the

Agreement during the time period Shutterstock now contends the Agreement was unenforceable and should be declared rescinded.

### SEVENTH AFFIRMATIVE DEFENSE

92. Shutterstock's Fourth Claim for Relief is barred because the Terms of Use upon which the claim is based is not an enforceable agreement.

WHEREFORE, PMC demands judgment and relief against Shutterstock as follows:

    A.    A judgment in PMC's favor on Shutterstock's Claims for Relief.

    B.    The costs of this action;

    C.    Attorneys' fees and costs; and

    D.    Such other relief as the Court may deem just and proper.

Dated: New York, New York  
        April 16, 2021

SHAPIRO ARATO BACH LLP

By: /s/ Cynthia S. Arato
    Cynthia S. Arato

500 Fifth Avenue, 40th Floor  
New York, NY 10110  
Telephone: (212) 257-4882  
Facsimile: (212) 202-6417  
carato@shapiroarato.com

*Attorneys for Plaintiff Penske Media Corporation*