USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENSKE MEDIA CORPORATION,

    Plaintiff-Counterclaim Defendant,

-against-

SHUTTERSTOCK, INC.,

    Defendant-Counterclaim Plaintiff.

Case No. 20-cv-04583 (MKV)

## STIPULATED PROTECTIVE ORDER

    Pursuant to Rule 26(c) of the Federal Rule of Civil Procedure, Plaintiff-Counterclaim Defendant Penske Media Corporation and Defendant-Counterclaim Plaintiff Shutterstock, Inc. (each, a "party" and collectively, the "parties"), by and through their respective counsel, hereby stipulate and agree that discovery in this case may involve the disclosure of certain documents, things, and information that constitute or contain trade secrets, financial records, or other confidential research, development, or commercial information within the meaning of Rule 26(c), which must be protected in order to preserve legitimate business interests.

    Accordingly, good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The parties therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this case, or provided by or obtained from non-parties in this case.

    Based upon the stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials exchanged by the parties in this case and labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used solely for the purposes of preparation, trial, and appeal of this proceeding only, or any settlement negotiations relating to this action only, and for no other purpose.

2. Use of any information or documents labeled "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents, testimony, written responses, deposition exhibits, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if practical to do so. For electronically stored information on which stamping the above designations is not practical, the party shall designate the electronic file with the applicable confidentiality designation by including "[CONFIDENTIAL]" or "[HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY]" in the electronic file name.

4. If portions of documents or other materials deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party filing such papers shall file a letter with the Court seeking permission to file the papers under seal in accordance with Section 9(B)(i) of Judge Vyskocil's Individual Rules of Practice in Civil Cases.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period. Any portions of the transcript to be designated as "Highly Confidential – Attorneys' Eyes Only" shall be designated at the time of the deposition, subject to revision by the designating party within fourteen (14) days of receipt of the final transcript. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court.

6. "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, or any other documents filed in this case, except in accordance with Section 9(B)(i) of Judge Vyskocil's Individual Rules of Practice in Civil Cases and any subsequent ruling by the Court.. Any sealed portion(s) of pleadings, motions, briefs, or other documents submitted or filed with the Court shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Access to material designated "Highly Confidential – Attorneys' Eyes Only" under this Protective Order, including all information derived therefrom, shall be restricted solely to:

a. outside counsel for the parties, including any partner, associate, paralegal, and/or other administrative staff employed by such counsel and assigned to work on this action;

b. the Court, including any court of appellate jurisdiction, and its support personnel and court reporters;

c. stenographers and videographers engaged to transcribe or record depositions or other proceedings conducted in this action;

d. as to any document, its author, addressee, and any other person shown on the face of the document as having received a copy;

e. any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, but only on a reasonably need-to-know basis, and provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A; and

f. independent copy and litigation support service providers, including mock jurors, retained by a party, but only on a reasonably need-to-know basis, and provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A.

g. any other person agreed to in writing by the designating party.

8. Access to material designated "Confidential" under this Protective Order, including all information derived therefrom, shall be restricted solely to the persons and circumstances identified in Paragraph 7 above and additionally:

a. in-house counsel for any party to this case, and the administrative staff for each in-house counsel, but only on a reasonably need-to-know basis; and

b. any employee, director, officer, or manager of any party to this case.

c. any other person agreed to in writing by the designating party.

9. Whenever information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the receiving party agrees that the designating party may exclude from the room any person, other than persons designated in Paragraphs 7 and

4

8, as applicable, for that portion of the deposition, hearing, or pre-trial proceeding. Any sealing at a hearing or pre-trial proceeding shall be subject to the Court's approval.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the document or material has been appropriately designated. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated

documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

13. When a producing party gives notice to a receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Rule 26(b)(5)(B). Pursuant to Rule 502(d) of the Federal Rule of Evidence, the inadvertent production of a privileged or otherwise protected material does not constitute a waiver of that privilege or protection in the pending case or in any other federal or state proceeding.

14. Upon the request of the producing party or third-party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "CONFIDENTIAL" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, outside counsel of record for a party may

retain archival copies of documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions, if any, which will govern the use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material at trial or in hearings shall be determined at a later date by the parties in consultation with the Court.

~~18. The restrictions on disclosure and use of confidential information shall survive the conclusion of this case and this Court shall retain jurisdiction of this case after its conclusion for the purpose of enforcing the terms of this Protective Order.~~

**Absent further application and order, the Court does not retain jurisdiction over disputes arising from this agreement after this case is closed.**

**SO STIPULATED AND AGREED.**

| SHAPIRO ARATO BACH LLP | MITCHELL SILBERBERG & KNUPP LLP |
|---|---|
| By: /s/ Cynthia S. Arato<br>　　Cynthia S. Arato<br>　　500 Fifth Avenue, 40th Floor<br>　　New York, New York 10110<br>　　Tel.: (212) 257-4880<br>　　Fax: (212) 202-6417<br>　　carato@shapiroarato.com | By: /s/ Eleanor M. Lackman<br>　　Eleanor M. Lackman<br>　　Marissa B. Lewis<br>　　437 Madison Avenue, 25th Floor<br>　　New York, New York 10017-1028<br>　　Tel.: (212) 509-3900<br>　　Fax: (212) 509-7239<br>　　eml@msk.com<br>　　mbl@msk.com |
| *Attorneys for Plaintiff-Counterclaim Defendant Penske Media Corp.* | *Attorneys for Defendant-Counterclaim Plaintiff Shutterstock, Inc.* |

IT IS SO ORDERED.

Date: July 12, 2021
　　　New York, New York

　　　　　　　　　　　　　　　　　　　_/s/ Mary Kay Vyskocil_
　　　　　　　　　　　　　　　　　　　Hon. Mary Kay Vyskocil
　　　　　　　　　　　　　　　　　　　United States District Court Judge