

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
eml@msk.com

September 24, 2021

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Penske Media Corp. v. Shutterstock, Inc.*, 20-cv-4583 (MKV)

Dear Judge Vyskocil:

We are counsel for defendant-counterclaim plaintiff Shutterstock, Inc. ("Shutterstock") in the above-referenced action. We write in response to plaintiff-counterclaim defendant Penske Media Corporation's ("PMC") letter dated September 23, 2021 (ECF Dkt. No. 83), in particular to address the allegations asserted against Shutterstock regarding discovery.

On the night of September 20, 2021, I received an email threatening to file two draft "joint letters" with the Court, along with several deposition notices. One of the letters requested that the Court order Shutterstock to complete its document production by September 30, 2021, even though certain requests were outstanding and written responses are not due until October 1, 2021. The other letter purported to be a joint discovery letter, which contained a lengthy recitation of items as to which the parties had already met and conferred, and which contained extensive representations that were contradicted by the written responses or by subsequent representations from counsel. The letter came nearly three months after the parties' discussions regarding the requests, and raised issues that Shutterstock did not think existed based on the parties' discussions in late June. On September 21, 2021, I objected to the letter on the grounds that the parties had not met and conferred on all issues (or PMC was mistaken about representations that Shutterstock had made during the parties' conferences), and I expressed my concern about the fact that PMC "waited several weeks to raise issues that we last conferred about ages ago." I proposed a meet-and-confer that evening, and we spoke at 6:30 that night for the better part of an hour.

Late that evening, I sent back a detailed message to address all but one of the items in the proposed joint letter. *See* Exhibit A (attachments omitted). I caught one item that I overlooked and addressed that the following day. PMC asserted no objection as to Shutterstock's positions on 12 categories, for a total of 18 requests for production and two interrogatories that the draft "joint letter" falsely asserted were disputed; one response asked for clarification, which we provided. Therefore, by Wednesday, only five requests for production and one interrogatory were disputed.

Moreover, to my surprise, PMC's counsel objected to providing material that we had understood, as documented in multiple exchanges, would be provided to Shutterstock to facilitate its searches. We further pointed out that regarding certain requests as to which PMC claimed Shutterstock was not producing documents, we had *expressly agreed* to provide documents: not only as stated in the

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



written responses, but during the meet-and-confers that the parties had in late June and early July. Notably, Shutterstock was pushing for the parties to move forward to resolve their issues, as our team's main in-house contact was leaving for vacation, and subsequently left Shutterstock, requiring us to bring someone else up to speed and pick up the continued process of searching and collection – some of which we had been holding pending further information from PMC. Had PMC responded to our proposals over the summer, more progress could have been made before the transition.

Counsel then asked me about other requests that were not in the proposed joint letter, but in a deficiency letter from prior to the June meet-and-confer; I responded approximately 20 minutes later with more clarification and additional points in response to PMC's positions, as well as emails that documented the parties' understandings after the meet-and-confers in June and July.

Clearly, the meet-and-confer process either had fallen apart or was not complete, and apart from our continuing to wait for some cooperation from PMC's counsel on items it said it would discuss with its client, it was news to us that issues remained. Further, to claim that Shutterstock has not cooperated in the joint letter process is demonstrably untrue; by Tuesday night, the draft from Monday was almost entirely outdated. Indeed, the correspondence between the parties on Tuesday and Wednesday plainly was designed to narrow down the issues so that PMC could send a new, accurate draft that addressed the very small handful of areas where the parties still had disagreement – as compared to the lengthy list in the joint letter. I have yet to receive an updated proposed joint letter and therefore could not and cannot respond, as counsel knows.

The characterization of the timing, too, is incorrect. Despite our correspondence over the summer, we heard nothing from PMC until the first business day of a planned week off, one that I had advised Ms. Arato in advance I would be taking. On August 31, I wrote back to Ms. Arato with information about reports she had been requesting. I also raised issues regarding the scope of discovery regarding the previously stayed claims, and the upcoming settlement conference set for September 10, 2021. On September 3, 2021, I sent across a settlement proposal per Magistrate Judge Freeman's request. I received no response at any time. On September 7, 2021, PMC sent a question about the law, arguing on one side; so I responded to that with my own argument. I also advised Ms. Arato that Shutterstock had been closed the entire prior week.

On September 14, Ms. Arato inquired about timing for discovery events. Ms. Arato's note on this point opened with a recognition of Shutterstock's diligence: "[a]s you noted before, we should nail down a deposition schedule." I responded to note that discussions were happening internally and a response would be provided shortly, asking for clarification about timing for production and proposing that we also set a time to exchange privilege logs. I received no response to those queries. On September 15, PMC sent a letter regarding another legal issue in the case; I set out to work on that while others were working on managing the collection of documents, including on the previously stayed claims and a new set of requests PMC had served. In the interim, certain parties were out for the Jewish High Holidays and Labor Day, but Shutterstock and our team continued to work to ensure that all responsive material would be collected and delivered for efficient processing and review.



The Honorable Mary Kay Vyskocil, U.S.D.J.
September 24, 2021
Page 3

PMC claims that documents have not been loaded onto a review platform. This is true, to an extent, but the representation conceals the true status. Some documents have been produced, and a very large volume of materials – in response to PMC's voluminous discovery requests – already has started transmission from Shutterstock to our firm for expeditious review and production. PMC, for its part, has produced only around 2,000 pages of documents, covering a fraction of topics that Shutterstock requested and expected. These documents were produced just last week, after Shutterstock started producing documents. Despite demanding this week a September 30 production deadline from Shutterstock, PMC has refused to commit to a date by which it will complete its production.

While both parties agree that the timing of discovery is tighter than is ideal, PMC's letter is unfounded and unnecessary. Further, Shutterstock has proposed that given PMC's document requests that are due for response on October 1, the parties make efforts to produce the bulk of the remaining documents next week and early the following, with the remaining documents targeted to be produced by October 15. This permits at least two weeks for review of the remaining documents, and more for those produced prior to that time, and still allows for three-and-a-half weeks for depositions and any lingering discovery that may remain.

We regret that the Court's time was spent on a matter that had not reached an impasse between the parties, and we thank the Court for its review.

Respectfully submitted,

Eleanor M. Lackman

cc:     All counsel of record