# Exhibit A

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, September 21, 2021 8:38 PM
**To:** 'Cynthia Arato' <carato@shapiroarato.com>
**Cc:** Amelia Courtney Hritz <ahritz@shapiroarato.com>; Eric Olney <eolney@shapiroarato.com>; Javidzad, Genevieve <glj@msk.com>; Hayes, Daniel <dmh@msk.com>; Elliott, Christopher <cae@msk.com>
**Subject:** RE: PMC v. SSTK Letters and Notices

Cynthia,

Replying to your proposed joint letter, please find the following facts regarding Shutterstock's position (beyond any standard objections to, for example, "all documents" and other standard objections that would be consistent with normal responses):

RFP 2:  As discussed some time ago, we are open to providing documents so long as we get keywords, which we understood you'd be providing, regarding "desire" and "decision." You indicated a willingness to provide search terms and/or limit the time period of this request, but we have not received a time limit or search terms.
RFP 3: We will produce internal and external announcements, within reason.  Much of this material is so old that it likely was not retained prior to the awareness of the prospect of litigation.  We have been focused on June 1-30, 2015.
RFP 9:  We understood that you were open to limiting this request to those custodians responsible for business development, but we're still not sure how we'd find something so amorphous.  At this time, it's part of the search despite PMC's other positions confirming its lack of relevance.
RFP 18-21: Now that stay is lifted, will produce.  In addition, PMC said that it would talk to the client regarding RFP 18; see our notes attached.
RFP 36:  This has a relationship to the third-party events definition that I raised with you earlier.  If you prefer for us to decide what the definition/scope of this term will be, we can.
Rog 5:  An assignment editor handled on a day-to-day basis.  We are investigating which might have knowledge of any such events and should have a response shortly.
Rog 6:  Same as Rog 5.
RFP 37:  Our response says we're going to provide documents if there was a post-March 1, 2020 event from which licensable photos were procured. It sounds to me like you want to know what the pricing was for these photos, if any.  I don't see the relevance but we have been looking for those materials as part of the search.
RFP 46-49:  We stand by our view that these are irrelevant, in particular too far afield from the issues, and the relevance has not been demonstrated.  We are open to revisiting this if anything in the passage of time has given you reason to bolster your explanations.
Rog 9:  See above regarding RFP 46-49.
RFP 51:  We don't understand why PMC needs this from Shutterstock but we are providing a chart showing which images were licensed, the licensee, and for how much.  I think we also gave you these reports informally, didn't we?
RFP 26-27, 31-32: Will produce in summary form or otherwise sufficient to identify to the extent the info exists.  (As noted, Shutterstock has a relatively short document retention policy.)
RFP 53.2, 54, 55:  Will produce.
RFP 58:  We still do not understand the relevance of this request.  All we've heard is that PMC could have gotten some faster licensing for certain kinds of uses that might raise right of publicity concerns, which sounds speculative even just looking at it on its face.  I don't see any reference to it in the parties'

agreement.  Can you please let me know what provision it relates to so that we can understand what the expectations by the parties might have been here?

We are also sending you some of the correspondence I referenced that you did not recall, regarding our discussions in the contexts of the multiple meet and confers that we had.  I indicated that some of our searches were waiting on a response from you.  I don't see anything indicating that you disagreed with me.

Regarding the images that were registered and which are no longer part of the "2300 photographs" because copyright ownership belongs to someone other than PMC, can you please confirm which are out so that we can eliminate any hits that are not otherwise responsive from the production?  I know we have a disagreement as to a small subset so we've assumed for now that this is in play.

I owe you a response regarding the initial disclosures point that you raised last Tuesday.  We will look into that but we should be able to get that to you by the end of the week, to the extent we need to supplement.

I'd expected to have a response to your letter regarding the case law today, but it will have to wait until tomorrow.

Regards,
Eleanor

**Eleanor M. Lackman** | **Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.