

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

November 4, 2021

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007

Re:     <u>Penske Media Corp. v. Shutterstock, Inc., 20-cv-4583 (MKV)</u>

Dear Judge Vyskocil:

Following an effort to resolve the matter discussed herein, plaintiff Penske Media Corporation ("PMC") and defendant Shutterstock, Inc. ("Shutterstock") submit this joint letter regarding an issue pertaining to the deposition scheduling.

**Shutterstock's Statement**

Before the Court's granting of the parties' joint request to extend the fact discovery schedule to be coterminous with the expert discovery schedule, the deadline was November 24, 2021.  On September 20, 2021, PMC issued deposition notices for several Shutterstock witnesses, including Shutterstock's CEO and its Executive Chairman, for late October at PMC's counsel's offices in Manhattan.  Based on the parties' prior discussions regarding the potential challenges in scheduling depositions of more senior executives of the parties, on September 22, Shutterstock issued a notice of deposition to Jay Penske for November 1, 2021; deposition notices for other PMC witnesses followed the next week, for the first two weeks of November.  The parties understood that they would confer regarding scheduling given the witnesses' schedules (including that Mr. Penske and certain other PMC witnesses reside in Los Angeles and Shutterstock's Executive Chairman resides in Miami), and that documents were forthcoming.

When the parties conferred, PMC indicated it was ready to complete its document production and could do so by September 30.  As the Court is aware, PMC demanded that Shutterstock meet that deadline, while Shutterstock indicated the vast majority of its documents would be produced by October 15.  *See* ECF Nos. 83, 84.  At the time, PMC informed Shutterstock that Jay Penske was available for deposition on November 18, 2021 in New York, six days before the then-close of fact discovery.

As is not uncommon, expectations did not match reality, as  the parties' October 7 letter to the Court, which sought to extend the discovery deadline to accommodate that documents were continuing to be produced and witness scheduling was proving difficult, reflects.  The court so-ordered the request.



November 4, 2021
Page 2

On October 15, counsel for PMC indicated that she was mistaken about Mr. Penske's availability in New York, and that he should be deposed in Los Angeles.  The parties continued to discuss scheduling, and PMC's counsel indicated that she wished to push back the deposition of Shutterstock's CEO to January; in reliance thereon, we informed him that the deposition would move.  The parties conferred regarding other depositions in January, and agreed that the last week of the discovery period would be reserved for experts.  This timing underlay the request to ask to extend the deadline to January 22.  Shutterstock asked for later dates for PMC's CEO, and was told that there were none before year-end but that she would inquire.

On October 26, 2021, PMC's counsel informed Shutterstock's counsel that Jay Penske would be deposed only on November 18, 2021, that the deposition would take place only in Los Angeles, and that two other key witnesses (including PMC's primary 30(b)(6) witness) would need to be deposed in Los Angeles around the same time.  Further, PMC insisted that another witness be deposed before a set date in November and now demands that nearly all depositions be complete by December 15.

This sudden inflexibility, following the parties' agreement to extend the fact discovery deadline, is problematic.  First, there is no reason why a date for one party's CEO moves based on the preferences of opposing counsel yet the other party's CEO is "too busy" to find any date between now and mid-January to sit for a deposition at any time, other than at a date by which document discovery disputes will be highly unlikely to be resolved.  The reason to adjust the deadline was to permit the parties to complete paper discovery and allow for some time for review and scheduling of depositions.  Further, Mr. Penske reportedly initiated the arrangement with Shutterstock and therefore is the most knowledgeable party regarding the purposes of the agreement.  Given PMC's focus on the frustration-of-purpose arguments, Shutterstock needs to confirm that it has all documents in hand and reviewed before it takes testimony from this witness.

Second, the insistence on a specific date – which was discussed early on when the close of fact discovery was November 24 and Shutterstock reached out to find a date to hold in the event that the Court would not move the fact discovery deadline – makes no sense in the context of the progress of the case.  For instance, despite PMC indicating that it was ready to produce documents by September 30, over 94% of the documents that have come in to-date from PMC were produced to Shutterstock after the date of the parties' letter to the Court.  At this point, PMC's production is less than 20% the size of Shutterstock's.

Third, this lawsuit was filed by PMC in New York and, until  Ms. Arato recently indicated that she would be amenable with taking, but not defending, depositions by Zoom or similar service, she insisted that all depositions be held in person.  Even Shutterstock's Executive Chairman planned to come to New York in December given Ms. Arato's position that all depositions be in-person.  Now that Shutterstock agreed to an extension, the story has changed.  With this latest objection regarding the deposition schedule, PMC wants to box Shutterstock in to holding depositions whenever it works for PMC, while holding depositions of Shutterstock witnesses whenever it works for PMC.  This is plainly inequitable.

Doc ID



November 4, 2021
Page 3

The parties mutually agreed to an extension of time on the understanding that all dates that had been discussed would move, and that the parties would work together in good faith. This is not happening. Accordingly, Shutterstock finds itself being forced to come to the Court to request that PMC furnish its witnesses between December 13 and January 14 if requested by Shutterstock, which will allow for sufficient time to work out document discovery issues while still permitting time for depositions of the one expert each side intends to rely upon.

**PMC's Statement**

Mr. Penske's November 18 deposition date has been "locked in" for almost two months, since the parties confirmed the date on September 24. Mr. Penske has relied on that date in scheduling his business activities as CEO of PMC, and it should not be moved. Nor should all depositions be deferred to mid-December.

On September 24, Shutterstock and PMC agreed that Mr. Penske would be deposed on November 18. PMC offered that date within two days of receiving Shutterstock's deposition notice; PMC asked Shutterstock to promptly "lock that [date] in" because of Mr. Penske's understandably tight schedule; and Shutterstock confirmed the date.

Given the reason for quickly "lock[ing]" in Mr. Penske's deposition date, PMC did not believe, and had no reason to believe, that this date would change after the Court extended the fact discovery cut-off to January. Indeed, Shutterstock did not ask PMC to move the date on or about October 7, when the Court extended that deadline. Nor did Shutterstock ask to move the date on or about October 15, when the parties discussed the location of Mr. Penske's deposition. (Rather, Shutterstock's counsel objected to the deposition proceeding in Los Angeles because a client representative wished to attend in person in New York and despite the availability of attending remotely).[1] It was not until counsel spoke on October 21 that Shutterstock asked about Mr. Penske's availability in January 2022 and demanded that his deposition be moved.

While Mr. Penske is an important witness on select topics in this case, those topics are not document intensive. Indeed, Shutterstock has not explained how its non-specific contentions about supposed "document discovery issues," which it has not yet raised, impact his deposition. Out of the thousands of documents which *both* PMC and Shutterstock have produced, Mr. Penske is a custodian and/or appears on less than 300. Shutterstock can easily review these documents and depose Mr. Penske on November 18, as previously scheduled.

Moreover, Mr. Penske relied on the confirmed November 18 date and has scheduled other business, including international travel in January, for other dates. Given the ubiquity of taking depositions remotely there is no reason why Shutterstock cannot take his deposition on that date while he remains in Los Angeles, where he works and resides and where Shutterstock's counsel practices. Shutterstock's representative can easily attend remotely.

---

[1] Notably, lead counsel for Shutterstock is bi-coastal and has an office in both New York and Los Angeles, and other members of her team are based in Los Angeles.

Doc ID



November 4, 2021
Page 4

With respect to "another" witness to be deposed "before a set date in November," PMC offered Kimberly McDonald on various November dates, and not later, because Ms. McDonald will be in Atlanta after December 1. Her deposition is confined to a narrow topic and implicates virtually no documents, and Shutterstock does not contend otherwise nor explain why it can't proceed with her deposition in November.

On the more general matters that Shutterstock has raised, PMC has never insisted that all depositions take place in person in any one location, or that Shutterstock must take all its depositions early while letting PMC take all its depositions late, or that virtually all depositions must take place before mid-December. **Rather, PMC has sought a workable schedule that is mindful of the limited time remaining prior to the January 22 cut-off for the taking of depositions and which does not unreasonably push all depositions to the end of the discovery period**.

On location, PMC previously expressed a preference for deposing one Shutterstock witness in person, in New York (instead of Miami), but that was in response to Shutterstock's question (Q: "Do you mean in Miami or is the expectation on your side that all witnesses will be in New York?") and even then, counsel for PMC sought an open dialogue that allowed the parties flexibility (A: "Given the time frame and number of witnesses, we think we should discuss location without prejudice to anyone's rights on that issue. We think it works best to depose Mr. Oringer in NY.")

On timing, Shutterstock's request that all depositions take place between mid-December and mid-January is unworkable given that no one is available over the holiday weeks of December 20 and December 27 and Shutterstock's counsel explained that she is unavailable January 6-7. Indeed, Shutterstock's timetable provides about twelve days to take more than twelve witnesses and leaves empty all November and the first two weeks of December.

PMC has stated that each party should depose on the early side those witnesses with knowledge of targeted topics that are not document intensive and should depose on the later side those witnesses with knowledge of the more document intensive subjects. Deposing Mr. Penske and Ms. McDonald in November is consistent with this approach. PMC would like to depose similarly situated Shutterstock witnesses before December 15, and Shutterstock previously offered such earlier dates, although its appears that Shutterstock is now retracting those offers. PMC did not ask to move the deposition of Shutterstock's CEO to January (and Shutterstock's vague contention concerning an "indication" about a "wish" does not contend otherwise).

For the above reasons, Shutterstock's request—that PMC be forced to move or schedule the depositions of Mr. Penske and Ms. McDonald to December or January and that no depositions occur until mid-December—should be denied.

Doc ID



November 4, 2021
Page 5

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman

      Eleanor M. Lackman

*Attorneys for Shutterstock, Inc.*


SHAPIRO ARATO BACH LLP

By: /s/ Cynthia S. Arato

      Cynthia S. Arato

*Attorneys for Penske Media Corporation*