

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

January 4, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 2230
New York, NY  10007

Re:  <u>Penske Media Corp. v. Shutterstock, Inc., 20-cv-4583 (MKV)</u>

Dear Judge Vyskocil:

Defendant Shutterstock, Inc. ("Shutterstock") respectfully submits this letter on an urgent basis arising from a development occurring yesterday that affects depositions commencing tomorrow. As described below, Shutterstock attempted to find a solution with plaintiff Penske Media Corporation ("PMC") but was unsuccessful, necessitating this urgent request for relief.

The parties are in the midst of a series of depositions – 10 on each side, plus expert witnesses,[1] all of which have been scheduled on a very tight timeframe given the close of fact and expert discovery on January 21, 2022.  As noted in the letter submitted to the Court in early November regarding the Penske deposition, the parties agreed to hold depositions from late November through the first half of January.  Eight days of depositions of nine witnesses have been completed (including seven hours with a Shutterstock witness who was designated on the majority of PMC's Rule 30(b)(6) topics), and additional depositions are scheduled for January 5, 6, 11 (three witnesses), 12, 13 (two witnesses), 14, 18, 19 and 20.  The date for the reopened deposition of Jay Penske has not yet been scheduled, despite Shutterstock's repeated requests to PMC for a date.

On November 19, the witness whom PMC has designated for the vast majority of the topics in Shutterstock's 30(b)(6) notice was scheduled to be deposed tomorrow, January 5, and Thursday, January 6 – two consecutive days, just like Shutterstock's corresponding witness who was deposed on December 13 and 14.  However, yesterday afternoon, PMC's counsel informed us that this witness (whom Shutterstock will not name out of privacy concerns) believes he may have contracted COVID-19, given that four of the 14 people he elected to gather with over the holidays (despite the pandemic and his obligation to sit for a deposition this week) have tested positive.  PMC has taken the position that the deposition cannot proceed as scheduled and, moreover, that it cannot even be rescheduled until the witness recovers – an unknown date. Counsel further indicated that "[w]ith the existing packed schedule," she believed "this will require an extension of the fact discovery cut off."  (This is not the first time PMC has sought to

---

[1] For clarity, we note that PMC has expressed its intention to take more than 10 days of depositions, and Shutterstock has objected, but PMC has not sought relief from the Court on the matter.  PMC has objected to providing its "hybrid" expert witness for an extra day of deposition, and Shutterstock intends to raise the matter under separate cover following a conference with PMC's counsel.



January 4, 2022
Page 2

extend the fact discovery cutoff.  PMC previously proposed extending the fact discovery cut-off in light of the arrival of the omicron variant in mid-December.  In response, Shutterstock indicated its willingness to move depositions fully online as litigants have been doing for the nearly two years of the pandemic.  PMC did not object to that proposal.)

Yesterday afternoon, Shutterstock attempted to get more clarity on this sudden issue, including whether the witness could appear remotely, when and whether he would be tested, when and whether he would be seeing a physician to assess his ability to answer questions over Zoom (or in person if not positive for the virus given PMC's insistence that counsel be in the room with the witness, even if the questioning attorney and all other participants are not present in person), and whether the witness could be deposed early next week given the key nature of the witness and the scope of topics – and despite the fact that witness prep for two Shutterstock witnesses is scheduled for that same period.

Instead of addressing Shutterstock's inquiries in good faith, PMC sent across a series of housekeeping requests and demands on other matters, demanding immediate responses thereto.  But as to the witness issue, PMC provided no positive response to our questions except to say blithely that "it is not possible to go concurrent with him given the other scheduled depositions."  Indeed, despite mentioning potential exposure and the witness's promise to take a test this past Saturday to ensure he could safely appear in person, he evidently has not done so or chooses not to share the results.

PMC's latest deposition tactic creates severe prejudice for Shutterstock.  The witness at issue needs to go forward in the order designated given the sheer number of topics on which PMC has designated him, and as to which Shutterstock currently has no testimony from PMC.  Indeed, PMC has had testimony from Shutterstock's key corporate witness for three weeks, and it also has deposed other major witnesses.  Shutterstock needs testimony from the witness at issue before taking the additional witnesses, and Shutterstock has planned its preparation of its outlines based on the expectation that the testimony of this witness would be complete.  Given how tightly packed the schedule is, it is unrealistic to expect everyone to reschedule the ten additional depositions set between now and January 20 for some time shortly thereafter, and PMC likely does not disagree.  And, the undersigned and her team has also scheduled court appearances, depositions, and other obligations on other cases for after January 21 on the expectation that January 21, 2022 would be the last date of fact discovery following the Court's granting of multiple extensions of time.

Accordingly, Shutterstock respectfully requests that the witness at issue be compelled to appear when scheduled, unless he submits a doctor's note to the Court attesting to his illness and his inability to sit for a remote deposition.  If he submits such a doctor's note, the Court should order the witness to be deposed on January 10 and 11, 2022.  (No depositions are set for January 10, and PMC has three very experienced lawyers who can take or defend witnesses being deposed concurrently on the 11th.)  If the deposition proceeds on such dates, Shutterstock should be entitled to reschedule – as necessary – the two Shutterstock witnesses (one of whom is no longer with the company) whose preparation may be affected by the need to move their preparation to accommodate for counsel's need to change her schedule to take the witness when not scheduled.

13859880.3



January 4, 2022
Page 3

Shutterstock is amenable to any other solution that does not result in a delay longer than is fully necessary, so as to minimize the prejudice to Shutterstock resulting from this situation.

Shutterstock further requests that as soon as possible, PMC be ordered to provide three possible dates and times for the reopening of the Penske deposition, as Shutterstock has been asking repeatedly since the Court issued its order on December 21, 2021.

We thank Your Honor for the attention to this matter.

Respectfully submitted,

Eleanor M. Lackman

13859880.3