**Shapiro Arato Bach LLP**

500 Fifth Avenue, 40th Floor   New York, NY 10110
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

January 4, 2022

The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Penske Media Corp. v. Shutterstock, Inc.,* 20-cv-4583 (MKV)

Dear Judge Vyskocil:

We respectfully request that the Court reconsider its ruling regarding the ill witness' deposition, so PMC may have an opportunity to be heard and because PMC has a proposal that is less disruptive than rescheduling depositions already set to occur next week and before the ill witness may be better. PMC was unable to submit its response before the Court ruled on Shutterstock's application because Shutterstock indicated to PMC yesterday that Shutterstock would be preparing a joint letter to submit to the Court and PMC was quickly drafting its response to Shutterstock's unexpected non-joint letter when the Court ruled.

After a holiday break that saw Covid-19 cases spike unrelentingly across the country, one of PMC's witnesses was exposed early in the week of December 26 to a family member who became a confirmed positive on Wednesday, December 29. Four of the 14 individuals who attended a family gathering have now been confirmed positive, and the witness and his wife are now sick.  They have fevers of 101 degrees, along with coughs and cold symptoms, and the witness is experiencing an atypical flare up of neuropathy (caused by a spinal stenosis condition) that is causing him to have shooting pain down his left arm.

Counsel for PMC informed counsel for Shutterstock on December 29 of the witnesses' exposure and explained that PMC would be assessing the situation.  Counsel for PMC learned of the witnesses' symptoms on January 2, confirmed their severity on January 3, and immediately contacted counsel for Shutterstock to explain that the witness would not be able to sit for a lengthy two-day deposition on January 4 and 5. Counsel also explained that the witness did not obtain a test this past Saturday as expected because the facility that he and his wife went to for their scheduled test was overwhelmed and delayed. Rather than work to accommodate the witness's illness, counsel for Shutterstock blamed him for acting "irresponsibly" in attending a family gathering during the Christmas holiday (even though all participants took at home tests before gathering).

It is unfortunate, but not surprising, that one of the witnesses scheduled for a January deposition is now ill.  This is not a "deposition tactic:" it is the extraordinary state of the world today. Indeed, having learned that Omicron is more contagious than previous iterations of the virus and

The Honorable Mary Kay Vyskocil  Page 2
January 4, 2022

having had to assuage other PMC's witnesses' discomfort sitting for in-person depositions the week of December 20 (as insisted by Shutterstock), PMC asked Shutterstock in late December to jointly ask the Court for an extension of the discovery cut off. PMC made this request so that the parties could avoid the virus-related complications there were sure to arise and disrupt the parties' packed January deposition schedule. Shutterstock declined that request, but that did not prevent the inevitable from happening.

It is not necessary or advisable to throw the entire January deposition schedule into chaos and reschedule the many depositions that are scheduled for the rest of this month. Before Shutterstock sent its own letter to the court earlier today, PMC was prepared to suggest that Shutterstock take the ill witness' deposition the week of January 17, before the current close of fact discovery. There are only a few depositions scheduled that week, it is reasonable to assume the witness will be well by then, and we can accommodate concurrent depositions that week.

It is unclear whether the witness can find a doctor who is available today to get a note documenting his illness. It is also not workable to schedule the ill witness for January 10 or 11. The witness may not be well that quickly and lead counsel (Cynthia Arato) needs to defend (and prep) both the ill witness and the two other depositions already set that week for PMC's General Counsel and COO. It is unclear from the Court's ruling whether the Court is ordering all these depositions to go forward at the same time or which of the two witnesses it is allowing Shutterstock to reschedule but PMC submits that if the Court does not revisit its prior ruling than PMC should be allowed to reschedule the depositions of PMC's General Counsel and COO. The other two lawyers at our small firm representing PMC already are scheduled to be taking or defending *six* other depositions the week of January 10. While one is a partner, he is newer to the case, and the other is a young associate.

Lead counsel for Shutterstock previously opposed this extension in part because she has a personal commitment through February and early March in connection with an Executive MBA program in which she is participating. PMC would be amenable to adjusting the schedule to accommodate that commitment (although lead counsel for PMC wishes to note that she has a few depositions already scheduled in a different case for the weeks of January 24 and 31).

    Sincerely,

    /s/ Cynthia S. Arato

    Cynthia S. Arato