

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
(212) 878-4890
eml@msk.com

March 23, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Penske Media Corp. v. Shutterstock, Inc.*, 20-cv-04583 (MKV)

Dear Judge Vyskocil:

Pursuant to Section 3(E) of Your Honor's Individual Rules of Practice in Civil Cases, plaintiff-counterclaim defendant Penske Media Corporation ("PMC") and defendant-counterclaim plaintiff Shutterstock, Inc. ("Shutterstock") jointly submit his letter in advance of the Post-Discovery Conference presently scheduled for March 30, 2022.

### a. Existing Deadlines, Due Dates, and/or Cut-Off Dates

The cut-off for all fact and expert discovery was on February 28, 2022.  *See* Dkt. No. 99.

### b. Outstanding Motions

There are no substantive motions currently pending before the Court.  There are certain discovery-related joint letters pending before the Court, including Shutterstock's joint letter request regarding PMC's document production (Dkt. No. 94) and Shutterstock's joint letter regarding issues pertaining to PMC's Rule 30(b)(6) witness designations (Dkt. No. 105).  PMC also intends to file this week a joint letter regarding issues on select Rule 30(b)(6) deposition topics.

### c. Discovery Undertaken and Any Additional Discovery That Needs to Be Completed

Both parties have served and responded to written discovery demands, produced documents, and taken numerous depositions (at least 10 per side), including of individual fact witnesses and Fed. R. Civ. P. 30(b)(6) witnesses.  PMC has taken the deposition of Shutterstock's expert witness and Shutterstock has taken an additional two-hour deposition of Karl Walter.  Shutterstock contends it took this deposition in Mr. Walter's capacity as PMC's "hybrid" expert witness, and PMC contends his testimony should be subsumed within his status as a PMC's 30(b)(6) designee on the applicable subject.

Each of Shutterstock and PMC maintain that certain witnesses designated to testify on various 30(b)(6) deposition topics lacked full and complete knowledge sufficient to provide the requested testimony, and Shutterstock further contends that PMC should have provided a corporate witness regarding topics to which PMC objected.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



March 23, 2022
Page 2

Shutterstock's Further Statement: There is additional discovery that needs to be completed on PMC's part. Specifically, PMC needs to appropriately respond to Shutterstock's Sixth Set of Document Requests. The responses that PMC served on February 28, 2022 are deficient; PMC flatly objected to each Request without stating whether it would produce documents and has not produced any responsive documents to date. Shutterstock has also initiated the meet-and-confer process in effort to obtain certain outstanding documents from PMC, including documents that were called for during the depositions of PMC's witnesses and/or are responsive to Shutterstock's prior-served document requests. A joint letter pertaining to deficiencies in other document requests was submitted to the Court in December and remains under the Court's review.

PMC's Further Statement: PMC contends that its production is sufficient, and that PMC asserted appropriate objections to various of Shutterstock's demands, which seek burdensome discovery on topics that are not relevant to this dispute. With respect to Shutterstock's December joint letter, the parties engaged in additional meet and confers after the submission of that letter and PMC produced certain additional documents.

   d.  **Settlement Discussions and Settlement Conference**

*PMC's Copyright Infringement Claim*

PMC:  At the outset of the case, Shutterstock informed PMC that it, and not PMC, was the owner of a number of photographs that PMC initially included within its copyright infringement and copyright management information claims. At that time, PMC conceded that Shutterstock was the owner of many of the images that Shutterstock identified, and the parties agreed that they would not be the subject of discovery in this action. In February 2022, PMC notified Shutterstock that it intended to voluntarily dismiss, with prejudice, its copyright infringement claim regarding the images contained in the registrations for PMC Archive Collection Nos. 3 and 5-8 which registrations Shutterstock had contended were invalid. The parties are continuing to discuss the most efficient mechanism for effectuating that dismissal. On March 9, 2022, PMC's counsel made a proposal to resolve the copyright infringement claim in its entirety, which Shutterstock rejected.

Shutterstock:  Despite awareness that Shutterstock owned hundreds of images that PMC claimed as part of its infringement and DMCA claims, including as reflected in its papers a year and a half ago, and despite Shutterstock raising a mechanism for disposing of the copyright issue at least as early as December 2021, PMC approached Shutterstock with a request to stipulate to the dismissal of these and other images for the first time on February 28, 2022. Before then, PMC took depositions of three Shutterstock photographers and engaged in other discovery relating to the question of ownership. PMC's recent proposal, concerning images with a licensing value of roughly $20, requires Shutterstock to give up significant rights in exchange. Shutterstock is prepared to stipulate to the dismissal of the claims with prejudice but not on the terms proposed.



March 23, 2022
Page 3

*Other Settlement Discussions*

The parties attended a settlement conference on September 10, 2021 before the Honorable Debra Freeman and did not reach a settlement. Judge Freeman suggested that the parties exchange written statements regarding the case law on which they relied regarding the applicability or inapplicability of the frustration of purpose doctrine, and the parties exchanged certain positions, but the parties have not exchanged positions pertaining their other respective theories of the case. Apart from the discussions pertaining to PMC's copyright infringement claim set forth above, the parties have not had any settlement discussions since the settlement conference held on September 10, 2021. The parties reported to Judge Freeman on October 22, 2021 (Dkt. No. 87) that they did not make further progress resolving this dispute and Judge Freeman asked the parties via a January 2022 memo endorsement of the report (Dkt. No. 100), whether they believed a further conference might be helpful. The parties' positions in response are set forth in their February 4, 2022 joint letter (Dkt. No. 102) and are repeated for the Court's convenience below, as they have not changed.

PMC's Further Statement:  Regrettably, it is PMC's view that such a conference is not warranted at this time, given the parties' respective positions. However, if the Court is willing, we respectfully request the opportunity to seek such a conference in the future, in the event the parties' dialogue progresses to the point where a settlement conference would be productive.

Shutterstock's Further Statement:  Shutterstock continues to believe that a negotiated resolution of the claims and counterclaims that reflects the spirit and terms of the contract is preferable and appropriate. Therefore, Shutterstock is open to a settlement conference at any time that PMC may be ready to engage in good faith discussions.

### e. Anticipated Length of Jury Trial

The parties agree that this case is to be tried to a jury. The parties anticipate that a jury trial would take five (5) days.

### f. Motions for Summary Judgment and To Exclude Expert Testimony

PMC:  PMC intends to file a motion for summary adjudication on the following claims: (1) PMC's claim Shutterstock breached the parties' agreement by terminating that agreement as of July 17, 2020, (2) liability for copyright infringement, regarding the images contained in PMC Archive collections 4 and 9; and (3) all of Shutterstock's Counterclaims except for its final Counterclaim for a declaration of invalidity of PMC's copyright registrations.

Shutterstock:  Shutterstock intends to file a motion for summary judgment on PMC's claim for the implied covenant of good faith and fair dealing, and a motion to exclude the "hybrid" expert testimony of Karl Walter. Given the volume of fact witnesses and documents produced in this action (approaching 200,000 pages from Shutterstock and roughly 28,000 from PMC), Shutterstock respectfully requests that motions to exclude fact witnesses and factual documents be reserved until the pretrial order is submitted, *i.e.*, when the parties know what documents and witnesses they may submit for trial.



March 23, 2022
Page 4

### g. Other Issues the Parties Would Like to Address at the Conference

PMC:  Shutterstock should remove certain Attorneys' Eyes Only designations it has made to various documents it has produced in the case.  Among other things, the designations cover data was Shutterstock previously disclosed to PMC, albeit in a different form and/or concern PMC's property and/or the agreement and relationship in dispute and the continued AEO designations are interfering with PMC's counsel's ability to communicate with PMC for no valid reason.  PMC is also awaiting Shutterstock's AEO designations to the deposition testimony of Shutterstock's current CEO and the transcript is being treated AEO in entirety until such designations are made.  PMC also intends to move in limine at the appropriate time to preclude Shutterstock from introducing hearsay and other purported evidence it has produced in the case, including numerous newspaper articles, purporting to document activities related to PMC and its principal that are years old and have no relevance to this dispute.

Shutterstock:  PMC seeks a variety of revenue-related spreadsheets and private "chat" messages that contain sensitive business information pertaining to Shutterstock's response to the pandemic, and which should remain AEO.  As PMC has not identified the basis for raising the matter at this time, Shutterstock respectfully requests that matters pertaining to confidentiality (including deposition designations by both sides) be the subject of further global discussions on this topic, on which both sides have some concerns.

Respectfully submitted,

| MITCHELL SILBERBERG & KNUPP LLP | SHAPIRO ARATO BACH LLP |
|---|---|
| By: /s/ Eleanor M. Lackman<br>    Eleanor M. Lackman | By: /s/ Cynthia S. Arato<br>    Cynthia S. Arato |
| *Attorneys for Shutterstock, Inc.* | *Attorneys for Penske Media Corporation* |