

Eleanor M. Lackman
(212) 878-4890
eml@msk.com

March 23, 2022

**VIA ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *Penske Media Corp. v. Shutterstock, Inc.*, No. 20 Civ. 04583 (MKV)

Dear Judge Vyskocil:

On behalf of defendant-counterclaim plaintiff Shutterstock, Inc. ("Shutterstock"), and pursuant to Sections 4(A)(i) and 4(E) of Your Honor's Individual Rules of Practice, we respectfully submit this letter to request a pre-motion conference on Shutterstock's anticipated motion to exclude the testimony of plaintiff-counterclaim defendant Penske Media Corporation's ("PMC") "expert" witness Karl Walter.  PMC has designated Mr. Walter—a PMC employee who was involved in the day-to-day performance of the parties' agreement at issue—as a hybrid fact/expert witness on "Shutterstock's gross revenues earned from Shutterstock's licensing of PMC Content during and prior to the pandemic and the corresponding costs that Shutterstock incurred prior the pandemic and saved during the pandemic."  However, for the reasons set forth below, Mr. Walter's purported "expert" testimony must be excluded from evidence.[1]

### I.     Mr. Walter's "Expert" Testimony Should Be Excluded For Failure To Provide A Written Expert Report Under Rule 26(a)(2)(B).

There are two types of experts under Rule 26 of the Federal Rules of Civil Procedure:  "retained experts" who must provide a written report under Rule 26(a)(2)(B); and "hybrid fact/expert witnesses" (or "non-retained experts") who generally must merely disclose the information in Rule 26(a)(2)(C).  The distinction "lies in the source of the facts on which the witness's expert opinion is based."  *Hutch Enters., Inc. v. Cincinnati Ins. Co.*, No. 16 Civ. 01010, 2019 WL 5783574, at *13 (W.D.N.Y. Aug. 12, 2019); *see also Cantu v. U.S.*, No. 14 Civ. 00219, 2015 WL 12743881, at *5 (C.D. Cal. Apr. 6, 2015) ("the critical distinction between retained and non-retained experts is . . . whether [the opinion] is based only on percipient knowledge or on information reviewed in anticipation for trial").  Courts have held that when a hybrid fact/expert witness's opinion goes beyond the facts learned in the normal course of his business dealings related to the lawsuit, he should be treated no differently than a retained expert and must submit a written report.  *See, e.g.*,

---

[1] Although PMC "identif[ied] [Mr. Walter] as an expert pursuant to Fed. R. Civ. P. 26(a)(2)(C)" "to the extent any of [his] testimony regarding Shutterstock's revenues could be classified as including expert testimony," and Mr. Walter testified at his February 28, 2022 deposition that he understood he was being deposed as an expert witness, PMC now contends—for the first time in the joint letter filed today—that "his testimony should be subsumed within his status as a PMC's 30(b)(6) designee on the applicable subject." Dkt. No. 106.  Shutterstock seeks to move to exclude Mr. Walter's testimony in an abundance of caution given that PMC's position is at best unclear.



*Hutch*, 2019 WL 5783574, at *13 (non-retained expert whose "opinions extend beyond his prior work" related to the case "should have produced a written expert report in compliance with Rule 26(a)(2)(B)(i)-(vi)"); *Amica Mut. Ins. Co. v. WHAC LLC*, 447 F. Supp. 3d 6, 12 (W.D.N.Y. 2020) ("for [witness] to be considered a non-retained expert," his "proposed opinions may only encompass the facts known to him during the course of his business dealings).

Here, PMC designated Mr. Walter as a hybrid fact/expert witness pursuant to Rule 26(a)(2)(C) and did not provide a report under Rule 26(a)(2)(B). But Mr. Walter's opinions on Shutterstock's revenues and costs admittedly go beyond the information he acquired in the normal course of his dealings with Shutterstock and, instead, are based exclusively (or near-exclusively) on information produced by Shutterstock in discovery. *See* Jan. 18, 2022 email from counsel for PMC ("[Mr. Walter] will not be relying on any information or documents beyond what Shutterstock has provided in the case."); Transcript of Feb. 28, 2022 Deposition of Karl Walter ("Walter Tr.") at 14:17-15:8, 18:2-17, 20:22-22:1 (testifying his opinions are based on a revenue-related spreadsheet produced by Shutterstock in discovery, the deposition testimony of Shutterstock's corporate representative, and a document he received from Shutterstock).[2] Thus, despite PMC's Rule 26(a)(2)(C) designation, Mr. Walter was required to submit a written report. *See, e.g.*, *Fung-Schwartz v. Cerner Corp.*, No. 17 Civ. 0233, 2021 WL 863342, at *4 (S.D.N.Y. Jan. 27, 2021) (hybrid fact/expert witness "whose main function was to add up unpaid invoices and calculate contractual late fees and interest" was "required to provide a report under Rule 26(a)(2)(B)").

Because Mr. Walter did not provide a report under Rule 26(a)(2)(B) without justification, thereby depriving Shutterstock of a written record of his opinions and calculations, PMC is not allowed to offer Mr. Walter's "expert" testimony on any motion or at trial. *See* Fed. R. Civ. P. 37(c)(1); *Giles v. Rhodes*, No. 94 Civ. 6385, 2000 WL 1425046, at *7 (S.D.N.Y. Sept. 27, 2000) (excluding expert testimony for failure to comply with Rule 26(a)); *Castaldi v. Land Rover N. Am., Inc.*, No. 06 Civ. 1008, 2007 WL 4165283, at *4 (E.D.N.Y. Nov. 21, 2007) (same, for failure to provide written report); *Motta v. First Unum Life Ins. Co.*, No. 09 Civ. 3674, 2011 WL 4374544, at *4 (E.D.N.Y. Sept. 19, 2011) (excluding physician's opinion based on information "not obtained through [his] own treatment of [plaintiff]" because he did not provide "the necessary expert report").

## II. Mr. Walter's "Expert" Testimony Should Be Excluded Because He Is Not Qualified To Opine On Shutterstock's Revenues and Costs and His Opinion Is Unreliable.

Even regardless of the expert report requirement, the Court should exclude Mr. Walter's "expert" opinions on Shutterstock's revenues and costs because they are not the product of any specialized knowledge or expert analysis. The admissibility of expert evidence is governed by Rule 702 of the Federal Rules of Evidence and the principles set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In evaluating admissibility, the court acts as a "gatekeeper," ensuring that the proposed expert testimony is not admitted into evidence unless "the expert is in fact qualified to offer the opinion[]" and such "opinion is based upon reliable data and methodology" and "would be helpful to the trier of fact." *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, No. 11 Civ. 4209, 2013 WL 5815472, at *13 (S.D.N.Y. Oct. 29, 2013) (citations omitted); *see also*

---

[2] Shutterstock will supply the Court with copies of the referenced January 18, 2022 email and Mr. Walter's deposition transcript upon request.


*Daubert*, 509 U.S. at 597 (expert evidence is admissible only if it "both rests on a reliable foundation and is relevant to the task at hand"). The proponent of the expert testimony has the burden of establishing its admissibility. *See United Slates v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). PMC has not—and cannot—sustain its burden here.

*First*, Mr. Walter clearly is not qualified to opine on any company's revenues and costs, let alone Shutterstock's. Mr. Walter has no expertise in finance or accounting generally. He is not a CPA; has no undergraduate or graduate degrees in finance or accounting; and has no formal training or professional certifications in finance or accounting. *See* Walter Tr. at 81:18-82:5, 82:15-21. Mr. Walter's only professional experience in accounting was his "first job out of college" which he held for "about a year." *Id.* at 82:5-14. According to his LinkedIn profile, Mr. Walter has spent the past twenty years of his career at PMC and Getty Images in roles such as "Senior Content Director" and "Director of Photography, Entertainment," and "specializ[es] in developing and executing content production strategies." Mr. Walter is not now and has never been a member of PMC or Getty Images' finance and accounting teams or responsible for analyzing their revenues and costs. *Id.* at 83:4-14, 83:24-84:4. Mr. Walter has no expertise as to Shutterstock's financials either. While he may have been privy to certain limited, fragmented information on Shutterstock's license of PMC's content during the agreement, Mr. Walter did not have access to Shutterstock's back-end systems where its financial data is kept; did not meet regularly with Shutterstock's financial team; and did not analyze Shutterstock's revenue or costs in his normal course of duty. *Id.* at 24:8-25:5. This is grounds for exclusion. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 642 (S.D.N.Y. 2007) ("Testimony on subject matters unrelated to the witness's area of expertise is prohibited by Rule 702."); *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 936, 2011 WL 1674796, at *2 (S.D.N.Y. May 2, 2011) ("court must ensure that the expert will actually be testifying 'on issues or subject matter[s] within his [ ] area of expertise.'").

*Second*, Mr. Walter's calculations of Shutterstock's revenues and costs are flawed and unreliable. For example, in calculating revenues, Mr. Walter took monthly averages (despite acknowledging revenues were higher in certain months), assumed all of the license fees were paid, and arbitrarily counted fees from licenses with no usage dates as earned in the pre-pandemic period. *See* Walter Tr. 30:1-32:5, 34:9-35:11, 36:7-37:1. Mr. Walter admitted that no company would calculate its revenue the way he did in formulating his opinion. *Id.* at 30:14-31:25. And, while Mr. Walter purports to opine on Shutterstock's monthly costs, the only costs he considered are freelance photographer fees and, again, he assumed that Shutterstock saved those fees (and all other costs) during the pandemic and failed to properly account for timing. *Id.* at 46:12-47:21, 55:16-56:12.

*Finally*, Mr. Walter's conclusions regarding Shutterstock's revenues and costs are not the product of any expert analysis and would not be helpful to the trier of fact. Mr. Walter explained at his deposition that he arrived at his conclusions by applying simple arithmetic to certain financial data produced by Shutterstock. *See, e.g.*, Walter Tr. at 29:3-15 (he calculated revenue by "tak[ing] the total of the statements that [PMC] received from Shutterstock, add[ing] them up, and then divid[ing] them again by the amount of months that the total represents"); *id.* at 47:24-48:24 (he calculated costs by "[taking] the sum of the freelance fees" set forth in a document produced by Shutterstock and "divid[ing] by the sum total of months"). None of this requires an "expert." *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (excluding proposed expert testimony that "merely repeated facts . . . in documents produced in discovery").



March 23, 2022
Page 4

Respectfully submitted,

Eleanor M. Lackman

cc:     All counsel of record (via CM/ECF)