UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/2022

PENSKE MEDIA CORPORATION,

                        Plaintiff,

            -against-

SHUTTERSTOCK, INC.,

                        Defendant.

1:20-cv-04583 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of multiple letters detailing discovery disputes between the Parties

in this matter.  [ECF Nos. 94, 105, 106, 124].

The deadline by which the Parties were to complete discovery in this matter was

extended multiple times.  After an April 17, 2021 Initial Pre-Trial Conference, the Court entered

a scheduling order setting the close of fact discovery for August 16, 2021.  [ECF No. 64].  The

scheduling order explicitly instructed the Parties that "any disputed involving discovery that

requires Court intervention must be raised with the Court sufficiently in advance to allow for a

ruling and responsive discovery *before the deadlines set out herein*."  *Id.* (emphasis added).  On

July 7, 2021, the Court held a further status conference with the Parties, at which the Court

denied Defendant's motion to dismiss certain claims, and extended fact discovery to November

24, 2021.  [ECF No. 69].  On October 7, 2021, on joint application by the Parties, the Court

extended the deadline to January 21, 2022.  [ECF No. 86].  In extending the discovery deadline,

the Court warned the Parties that "discovery disputes should be brought to the Court's attention

*with sufficient time to rule on them*."  *Id.*  On January 4, 2021, following seriatim letters

regarding issues with respect to designated Rule 30(b)(6) witnesses, the Court extended the fact

discovery deadline to February 28, 2022.  [ECF No. 99].  That Order admonished the Parties to

"behave as civil and responsible professionals" and warned that "FURTHER ABUSE OF THE DISCOVERY PROCESS, INCLUDING VIOLATIONS OF DISCOVERY ORDERS AND DEADLINES, MAY EXPOSE THE OFFICER TO SANCTIONS." *Id.* The Court directed the Parties to appear for a post-discovery conference on March 2, 2022. *Id.* On February 17, 2022, the Parties filed a joint letter seeking to adjourn the conference to a later date in March so that the Parties could "present the court with information covering the full discovery record," and did not raise any discovery issues with the Court. [ECF No. 103].

Fact discovery in this action closed on February 28, 2022. [ECF No. 99]. The letters filed at ECF Nos. 105 and 106, describing discovery disputes with respect to a Penske-designated Rule 30(b)(6) witness and "Attorneys' Eyes Only designations [Shutterstock] has made to various documents it has produced in the case" were filed almost one month after fact discovery was complete. The letter filed at ECF No. 124, describing Penske's request to recall a Shutterstock-designated Rule 30(b)(6) witness, was filed over a month after discovery was complete.

The Court denies these untimely requests for further discovery. The Parties were plainly on notice that discovery disputes should be raised in time for the Court to rule on them and for any authorized discovery to be completed *before close of discovery.* *See* ECF Nos. 64, 86, 99. To that end, the Court's Individual Rules of Practice in Civil Cases states that "[i]f a party waits until near the close of discovery to raise an issue that could have been raised earlier, *the party is unlikely to be granted the relief that it seeks*, let alone more time for discovery." Individual Rules ¶ 3.D (emphasis added). The Parties joint letter filed prior to the close of fact discovery raised none of the untimely issues, and instead described the Parties' efforts to "present the court with information covering the full discovery record." The Parties' failure to heed the Court's

instructions and warnings to bring any dispute to the Court's attention with enough time to rule on the request renders the disputes untimely, and are accordingly denied.  ECF No. 64; Individual Rules ¶ 3; *Colon v. City of New York*, 2014 WL 4100607, at *2-3 (S.D.N.Y. Aug. 20, 2014) (untimely discovery disputes may be denied) (collecting cases).

The Parties did timely raise a discovery dispute concerning certain issues with Penske's document production.  [ECF No. 94].  By separate order, the Court will refer the discovery dispute to the assigned Magistrate Judge.  After the discovery dispute is resolved, the Court will set a briefing schedule for the Parties' contemplated cross-motions for summary judgment.  [ECF Nos. 108, 113].  Accordingly, the conference scheduled for April 20, 2022 is adjourned *sine die*. The Clerk of the Court respectfully is requested to terminate the letter at ECF No. 123.

**SO ORDERED.**

**Date:   April 8, 2022**
**         New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**