# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
PENSKE MEDIA CORPORATION,          :

                                            :

                   Plaintiff,      :

                                            :

                v.             :

                                            :

        SHUTTERSTOCK, INC.,         :

                                            :

                  Defendant.    :
------------------------------------------------------------------x

No. 1:20-CV-04583 (MKV)

**PMC'S RESPONSES AND OBJECTIONS TO SHUTTERSTOCK'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Penske Media Corporation, by and through its attorneys, Shapiro Arato Bach LLP, provides the following responses and objections to Shutterstock's First Set of Document Requests ("Requests").

## <u>GENERAL OBJECTIONS</u>

1.      PMC objects to the Requests to the extent they seek to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Individual Rules of Practice for Hon. Mary Kay Vyskocil, or other applicable law.

2.      PMC objects to the Requests to the extent they seek documents or information protected from disclosure by any applicable privilege, doctrine, or immunity, including without limitation the attorney-client privilege, the joint defense privilege, and the work-product doctrine. Should any such document or information be produced, the production of such document or information would be purely inadvertent and unintended. PMC reserves the right to seek the return of any inadvertently produced documents or information. Nothing in PMC's

responses and objections is intended to be or may be construed as a waiver of the attorney-client privilege, the joint defense privilege, the work-product doctrine, or any other privilege, doctrine or immunity.

3.    PMC objects to the Requests to the extent they seek confidential information. PMC will produce such documents upon the entry of a mutually acceptable protective order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    PMC objects to the definitions of "PMC" and "Shutterstock" on the ground that such definitions exceed the scope of a party as set forth in Local Rule 26.3  of the United States District Courts for the Southern and Eastern Districts of New York and seeks to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure 26 and 33. PMC shall construe the Requests reference to PMC and Shutterstock to refer to the parties and their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. Unless specifically referring to Shutterstock's defined term, the use herein of "PMC" refers solely to Penske Media Corporation.

2.    PMC objects to the definitions of "Document," and "Communication," "concerning," "regarding," "referring to," and "relating to"  on the grounds that they impose obligations that exceed, or are different from, those imposed by Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. PMC shall interpret the words "concerning," "regarding," "referring to," and "relating to" in accordance with the Local Rule 26.3 definition of "Concerning."

3.    PMC objects to Instructions to the extent they impose obligations that exceed, or are different from, those imposed by Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

possession, custody or control regarding the Notices of Termination, to the extent that any such

documents and communication exist and can be located after a reasonable search, on a rolling

basis within the next thirty days and, with respect to confidential documents, upon the entry of a

mutually agreeable protective order.

**REQUEST NO. 4:** All Documents and Communications that support, substantiate, refute, or
otherwise pertain or relate to PMC's allegation in Paragraph 58 of the Complaint that
"Shutterstock had no valid basis to terminate the [ ] Agreement."

**RESPONSE TO REQUEST NO. 4:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of "[a]ll Documents and Communications." PMC further objects to this Request to

the extent it seeks information protected by the attorney-client privilege and the work product

doctrine and other applicable privileges and as seeking confidential documents. PMC further

objects to this request as overly broad and unduly burdensome in demanding that PMC produce

documents that support its allegations even if PMC does not intend to rely on such documents

and in ostensibly requiring PMC to determine that a certain document refutes PMC's contention,

which is a further invasion of the work product doctrine, is vague and ambiguous, calls for PMC

to make legal conclusions, and improperly asks PMC to produce documents supporting a double

negative (i.e., documents that refute the contention that Shutterstock had no valid basis to

terminate the Agreement). PMC will not produce documents in response to this Request, except

that PMC will produce non-privileged documents within its possession, custody or control that it

intends to rely upon in this action to prove PMC's allegations that Shutterstock wrongfully

terminated the Agreement, to the extent that any such documents exist and can be located after a

reasonable search, on a rolling basis within the next thirty days and continuing as additional

documents on which PMC intends to rely may be identified and located and, with respect to

confidential  documents, upon the entry of a mutually agreeable protective order.

**REQUEST NO. 5:** Documents sufficient to identify all PMC Events (by name and date) that
Shutterstock "refus[ed] to attend and photograph" during the term of the Agreement.

**RESPONSE TO REQUEST NO. 5:**

PMC will produce non-privileged documents within its possession, custody or control, to the

extent that any such documents exist and can be located after a reasonable search, on a rolling

basis within the next thirty days and continuing as additional documents on which PMC intends

to rely may be identified and located and, with respect to confidential documents, upon the entry

of a mutually agreeable protective order.

**REQUEST NO. 6:** All Documents and Communications that support, substantiate, refute, or
otherwise pertain or relate to PMC's allegation in Paragraph 59 of the Complaint that
Shutterstock "refus[ed] to attend and photograph events hosted by PMC."

**RESPONSE TO REQUEST NO. 6:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of "[a]ll Documents and Communications." PMC further objects to this request as

overly broad and unduly burdensome and as seeking documents that are not relevant to any

claim or defense or proportional to the needs of this case in that PMC has not alleged that

Shutterstock refused to attend and photograph all PMC Events. PMC further objects to this

Request to the extent it seeks information protected by the attorney-client privilege and the work

product doctrine and other applicable privileges and as seeking confidential documents. PMC

further objects to this request as overly broad and unduly burdensome in demanding that PMC

produce documents that support its allegations even if PMC does not intend to rely on such

documents and in ostensibly requiring PMC to determine that a certain document refutes PMC's

contentions, which is a further invasion of the work product doctrine, is vague and ambiguous,

and calls for PMC to make legal conclusions. PMC will not produce documents in response to

this Request, except that PMC will produce non-privileged documents within its possession,

custody or control that it intends to rely upon in this action to prove PMC's allegations that

Shutterstock refused to attend and photograph PMC Events as called for under the terms of the

Agreement, to the extent that any such documents exist and can be located after a reasonable

search, on a rolling basis within the next thirty days and continuing as additional documents on

which PMC intends to rely may be identified and located and, with respect to confidential

documents, upon the entry of a mutually agreeable protective order.

**REQUEST NO. 7:** All Documents and Communications pertaining to the expected royalties
Shutterstock would collect from PMC content for the period July 1, 2020 through June 30, 2021,
as consideration for the money that PMC claims is an advance charged against such royalties.

**RESPONSE TO REQUEST NO. 7:**

PMC objects to this Request on the grounds that it is vague and ambiguous.  PMC interprets this

request as seeking documents containing estimates or projections regarding royalties that

Shutterstock would collect from its licensing of PMC content for the period July 1, 2020 through

June 30, 2021. PMC further objects to this Request to the extent it seeks information protected

by the attorney-client privilege and the work product doctrine and other applicable privileges and

as seeking confidential documents. Notwithstanding its objections, PMC is not currently aware

of any non-privileged responsive documents within its possession, custody, or control.

**REQUEST NO. 8:** All Documents and Communications relating to any notice or other
correspondence to Shutterstock regarding the alleged refusal "to attend and photograph" during
the term of the Agreement.

**RESPONSE TO REQUEST NO. 8:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of "[a]ll Documents and Communications." PMC further objects to this Request to

the extent it seeks information protected by the attorney-client privilege and the work product

doctrine and other applicable privileges and as seeking confidential documents. Notwithstanding

its objections, PMC will produce non-privileged, responsive documents within its possession,

custody or control, to the extent that any such documents exist and can be located after a

reasonable search, on a rolling basis within the next thirty days and continuing as additional

documents may be identified and located and, with respect to confidential documents, upon the

entry of a mutually agreeable protective order.

**REQUEST NO. 9:** Documents sufficient to identify all PMC Events (by name and date) on or
before April 30, 2020 to which PMC offered and/or provided credentials, passes, and/or access
to Shutterstock pursuant to the Agreement.

**RESPONSE TO REQUEST NO. 9:**

PMC objects to this request as overly broad and unduly burdensome and as seeking documents

that are not relevant to any claim or defense or proportional to the needs of this case given that

PMC has not alleged that Shutterstock refused to attend and photograph all PMC Events.

**REQUEST NO. 10:** Documents sufficient to identify all PMC Events (by name and date) on or
after March 1, 2020 to which PMC offered and/or provided credentials, passes, and/or access to
Shutterstock pursuant to the Agreement.

**RESPONSE TO REQUEST NO. 10:**

PMC objects to the Request as overly broad and unduly burdensome in calling for the production

of documents in light of Shutterstock's position that it will produce charts or lists in response to

similar requests and given the availability of serving an interrogatory for the information.

Notwithstanding its objections, PMC will produce in lieu of any documents a list sufficient to

show responsive PMC Events scheduled and/or expected to occur on or after March 1, 2020

through June 30, 2021 and/or will meet and confer with Shutterstock to potentially reach a

stipulation regarding this general topic.

**REQUEST NO. 11:** Documents sufficient to identify all PMC Events (by name and date) scheduled to occur on or after March 1, 2020 to which PMC expected and/or intended to offer and/or provide credentials, passes, and/or access to Shutterstock, but did not actually offer and/or provide credentials, passes, and/or access to Shutterstock due to COVID-19.

**RESPONSE TO REQUEST NO. 11:**

PMC objects to this request as vague and ambiguous because it presumes that PMC Events took place despite COVID-19 which PMC nevertheless excluded Shutterstock from because of COVID-19. PMC further objects to this request as vague and ambiguous and overly broad and unduly burdensome given Shutterstock's termination of the Agreement as of July 17, 2020, at the latest. PMC further objects to the Request as overly broad and unduly burdensome in calling for the production of documents in light of Shutterstock's position that it will produce charts or lists in response to similar requests and given the availability of serving an interrogatory for the information. PMC further objects to this Request as duplicative of Request No. 12.

Notwithstanding its objections, PMC will produce in lieu of any documents a list sufficient to show responsive PMC Events scheduled and/or expected to occur on or after March 1, 2020 through June 30, 2021 and/or will meet and confer with Shutterstock to potentially reach a stipulation regarding this general topic.

**REQUEST NO. 12:** Documents sufficient to identify all PMC Events (by name and date) scheduled and/or expected to occur on or after March 1, 2020 which were cancelled, postponed, and/or not scheduled due to COVID-19.

**RESPONSE TO REQUEST NO. 12:**

PMC objects to the Request as overly broad and unduly burdensome in calling for the production of documents in light of Shutterstock's position that it will produce charts or lists in response to similar requests and given the availability of serving an interrogatory for the information. Notwithstanding its objections, PMC will produce in lieu of any documents a list sufficient to

show responsive PMC Events scheduled and/or expected to occur on or after March 1, 2020

through June 30, 2021 and/or will meet and confer with Shutterstock to potentially reach a

stipulation regarding this general topic.

**REQUEST NO. 13:** Documents sufficient to identify all Third-Party Events (by name and date)
on or before April 30, 2020 to which PMC offered and/or provided credentials, passes, and/or
access to Shutterstock pursuant to the Agreement.

**RESPONSE TO REQUEST NO. 13:**

PMC objects to this request as overly broad and unduly burdensome and as seeking documents

that are not relevant to any claim or defense or proportional to the needs of this case in that the

Agreement existed for close to four years before Shutterstock prematurely terminated it and this

action concerns only select issues of performance regarding Third Party Events during that time

period. PMC further objects to this request as overly broad and unduly burdensome in light of

Shutterstock's position that it will produce charts or lists in response to similar requests and

given the availability of serving an interrogatory for the information. Notwithstanding its

objections, PMC will produce in lieu of any documents a list sufficient to identify all Third-Party

Events scheduled to occur on or before April 30, 2020 to which PMC offered and/or provided

credentials, passes, and/or access to Shutterstock pursuant to the Agreement.

**REQUEST NO. 14:** Documents sufficient to identify all Third-Party Events (by name and date)
on or after March 1, 2020 to which PMC offered and/or provided credentials, passes, and/or
access to Shutterstock pursuant to the Agreement.

**RESPONSE TO REQUEST NO. 14:**

PMC objects to this request as vague and ambiguous and overly broad and unduly burdensome

given Shutterstock's termination of the Agreement as of July 17, 2020, at the latest. PMC further

objects to the Request as overly broad and unduly burdensome in calling for the production of

documents in light of Shutterstock's position that it will produce charts or lists in response to

similar requests and given the availability of serving an interrogatory for the information.

Notwithstanding its objections, PMC will produce in lieu of any documents a list sufficient to

identify all Third-Party Events scheduled to occur on or after March 1, 2020 through June 30,

2021 to which PMC offered and/or provided credentials, passes, and/or access to Shutterstock

pursuant to the Agreement.

**REQUEST NO. 15:** Documents sufficient to identify all Third-Party Events (by name and date)
scheduled to occur on or after March 1, 2020 to which PMC expected and/or intended to offer
and/or provide credentials, passes, and/or access to Shutterstock, but did not actually offer and/or
provide credentials, passes, and/or access to Shutterstock due to COVID-19.

**RESPONSE TO REQUEST NO. 15:**

PMC objects to this request as vague and ambiguous because this request presumes that Third

Party Events took place despite COVID-19 which PMC nevertheless excluded Shutterstock from

because of COVID-19. PMC further objects to this request as vague and ambiguous and overly

broad and unduly burdensome given Shutterstock's termination of the Agreement as of July 17,

2020, at the latest. PMC further objects to the Request as overly broad and unduly burdensome in

calling for the production of documents in light of Shutterstock's position that it will produce

charts or lists in response to similar requests and given the availability of serving an

interrogatory for the information. PMC further objects to this Request as duplicative of Request

No. 16.

Notwithstanding its objections, PMC will produce in lieu of any documents a list

sufficient to show responsive Third Party Events scheduled and/or expected to occur on or after

March 1, 2020 through June 30, 2021 and/or will meet and confer with Shutterstock to

potentially reach a stipulation regarding this general topic.

**REQUEST NO. 16:** Documents sufficient to identify all Third-Party Events (by name and date)
scheduled and/or expected to occur on or after March 1, 2020 which were cancelled, postponed,
and/or not scheduled due to COVID-19.

11

**RESPONSE TO REQUEST NO. 16:**

PMC objects to the Request as overly broad and unduly burdensome in calling for the production

of documents in light of Shutterstock's position that it will produce charts or lists in response to

similar requests and given the availability of serving an interrogatory for the information.

Notwithstanding its objections, PMC will produce in lieu of any documents a list sufficient to

show responsive Third Party Events scheduled and/or expected to occur on or after March 1,

2020 through June 30, 2021 and/or will meet and confer with Shutterstock to potentially reach a

stipulation regarding this general topic.

**REQUEST NO. 17:** Documents and Communications that support, substantiate, refute, or
otherwise pertain or relate to PMC's allegation in Paragraph 4 of the Complaint "that, absent . . .
termination [of the Agreement], Shutterstock would have continued to enjoy . . . the unrestricted
right . . . to attend and photograph other events that continue to be scheduled within the
parameters of COVID- 19."

**RESPONSE TO REQUEST NO. 17:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of any or all "Documents and Communications." PMC further objects to this

Request to the extent it seeks information protected by the attorney-client privilege and the work

product doctrine and other applicable privileges and as seeking confidential documents. PMC

further objects to this request as overly broad and unduly burdensome in demanding that PMC

produce documents that support its allegations even if PMC does not intend to rely on such

documents and in ostensibly requiring PMC to determine that a certain document refutes PMC's

contentions, which is a further invasion of the work product doctrine, is vague and ambiguous,

and calls for PMC to make legal conclusions. PMC further objects to this request as seeking

documents based on a contention that makes a legal and not factual argument. PMC will not

produce documents in response to this Request, except that PMC will produce non-privileged

documents within its possession, custody or control that it intends to rely upon in this action, to

the extent that any such documents exist and can be located after a reasonable search, on a

rolling basis within the next thirty days and continuing as additional documents on which PMC

intends to rely may be identified and located and, with respect to confidential  documents, upon

the entry of a mutually agreeable protective order.

**REQUEST NO. 18:** All Documents and Communications that support, substantiate, refute, or
otherwise pertain or relate to PMC's allegation in Paragraph 24 of the Reply that "the format of
various events changed in light of COVID-19."

**RESPONSE TO REQUEST NO. 18:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of any or all "Documents and Communications."  PMC further objects to this

Request to the extent it seeks information protected by the attorney-client privilege and the work

product doctrine and other applicable privileges and as seeking confidential documents. PMC

further objects to this request as overly broad and unduly burdensome in demanding that PMC

produce documents that support its allegations even if PMC does not intend to rely on such

documents and in ostensibly requiring PMC to determine that a certain document refutes PMC's

contentions, which is a further invasion of the work product doctrine, is vague and ambiguous,

and calls for PMC to make legal conclusions. PMC further objects to this request as duplicative

of Request No. 19. Notwithstanding its objections, PMC will produce non-privileged documents

within its possession, custody or control sufficient to show (1) the Third Party Events that PMC

attended on or after March 1, 2020 through June 30, 2021 and the format of those events and (2)

any changes to the events due to COVID-19, to the extent noted on documents regarding the

events to occur in 2020 (in other words, PMC does not agree to search for and produce

documents regarding the events as they occurred in prior years in order to evidence any changes

to the events) to the extent that any such documents exist and can be located after a reasonable

search, on a rolling basis within the next thirty days and continuing as additional documents may

be identified and located and, with respect to confidential documents, upon the entry of a

mutually agreeable protective order.

**REQUEST NO. 19:** All Documents and Communications consisting of, regarding, referring to, or relating to any or all Third Party Events that occurred after March 1, 2020, including but not limited to Documents and Communications relating to the format of those events, the opportunities for PMC to generate content at those events, PMC's access to those events, and any changes to those events due to COVID-19.

**RESPONSE TO REQUEST NO. 19:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of any or all "Documents and Communications."  PMC further objects to this request

on the grounds that the phrase "opportunities for PMC to generate content at those events" is

vague and ambiguous and is overly broad and unduly burdensome. PMC further objects to this

Request to the extent it seeks information protected by the attorney-client privilege and the work

product doctrine and other applicable privileges and as seeking confidential documents.

Notwithstanding its objections, PMC will produce non-privileged documents within its

possession, custody or control sufficient to show (1) the Third Party Events that PMC attended

on or after March 1, 2020 through June 30, 2021 and the format of those events and (2) any

changes to the events due to COVID-19, to the extent noted on documents regarding the events

to occur in 2020 (in other words, PMC does not agree to search for and produce documents

regarding the events as they occurred in prior years in order to evidence any changes to the

events) to the extent that any such documents exist and can be located after a reasonable search,

on a rolling basis within the next thirty days and continuing as additional documents may be

identified and located and, with respect to confidential documents, upon the entry of a mutually agreeable protective order.

**REQUEST NO. 20:** Documents sufficient to identify the number of Archive Content images that PMC provided to Shutterstock between January 1, 2016 and April 30, 2016.

**RESPONSE TO REQUEST NO. 20:**

PMC objects to this request as overly broad and unduly burdensome and as seeking documents that are not relevant to any claim or defense or proportional to the needs of this case in that there is no legal significance under the Agreement to the time period which this request covers. PMC further objects to this Request on the ground that it is unduly burdensome and that PMC is informed and believes that Shutterstock has this information readily accessible in ways that PMC does not. Notwithstanding its objections, in lieu of producing documents sufficient to identify this information, PMC will meet and confer with Shutterstock in any effort to stipulate to the requested information.

**REQUEST NO. 21:** Documents sufficient to identify the number of Archive Content images that PMC provided to Shutterstock between January 1, 2017 and April 30, 2017.

**RESPONSE TO REQUEST NO. 21:**

PMC objects to this request as overly broad and unduly burdensome and as seeking documents that are not relevant to any claim or defense or proportional to the needs of this case in that there is no legal significance under the Agreement to the time period which this request covers. PMC further objects to this Request on the ground that it is unduly burdensome and that PMC is informed and believes that Shutterstock has this information readily accessible in ways that PMC does not. Notwithstanding its objections, in lieu of producing documents sufficient to identify

and in ostensibly requiring PMC to determine that a certain document refutes PMC's contentions, which is a further invasion of the work product doctrine, is vague and ambiguous, and calls for PMC to make legal conclusions. PMC further objects to this request as seeking documents based on a contention that makes a legal and not factual argument.  PMC further objects to this Request as seeking documents not proportional to the needs of this case, in that the noted defenses embrace Shutterstock's acceptance and public display of images on a continuous basis governed under the terms of the Agreement and PMC does not believe the parties have any dispute regarding Shutterstock's conduct in this respect.  Notwithstanding its objections, in lieu of producing documents, PMC will meet and confer with Shutterstock in any effort to stipulate to the requested information.

**REQUEST NO. 48:** All Documents and Communications, not otherwise covered by the Requests above, supporting, substantiating, refuting, or otherwise pertaining or relating to PMC's affirmative defenses to Shutterstock's Counterclaim.

**RESPONSE TO REQUEST NO. 48:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications" and demands that PMC produce documents that support its allegations even if PMC does not intend to rely on such documents and in ostensibly requiring PMC to determine that a certain document refutes PMC's contentions, which is a further invasion of the work product doctrine, is vague and ambiguous, and calls for PMC to make legal conclusions. PMC further objects to this Request on the ground that it is vague and ambiguous and lacks specificity regarding subjects not otherwise covered by the Requests that are otherwise related to the Counterclaims. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents.  PMC further

28

objects to this Request as duplicative of Request No. 47. Notwithstanding its objections, PMC

will not produce documents in response to this Request, except that PMC will produce non-

privileged documents within its possession, custody or control upon which it intends to rely upon

in this case to support the noted defenses, to the extent that any such documents exist and can be

located after a reasonable search, on a rolling basis as such documents may be identified and

located and, with respect to confidential  documents, upon the entry of a mutually agreeable

protective order.

**REQUEST NO. 49:** All Documents and Communications, not otherwise covered by the
Requests above, that PMC identified, referenced, or relied upon in preparing its Reply to
Shutterstock's Counterclaim.

**RESPONSE TO REQUEST NO. 49:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of "[a]ll Documents and Communications." PMC further objects to this Request to

the extent it seeks information protected by the attorney-client privilege and the work product

doctrine and other applicable privileges and as seeking confidential documents.

**REQUEST NO. 50:** All Documents and Communications, not otherwise covered by the
Requests above, that PMC identified, referenced, or relied upon in preparing its responses and
objections to Shutterstock's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 50:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the

production of "[a]ll Documents and Communications." PMC further objects to this Request to

the extent it seeks information protected by the attorney-client privilege and the work product

doctrine and other applicable privileges and as seeking confidential documents.

**REQUEST NO. 51:** All Documents and Communications, not otherwise covered by the
Requests above, that PMC intends or expects to use at trial.

29