# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
PENSKE MEDIA CORPORATION,

                Plaintiff,

                v.

SHUTTERSTOCK, INC.,

                Defendant.
-------------------------------------------------------------x

No. 1:20-CV-04583 (MKV)

**PMC'S RESPONSES AND OBJECTIONS TO SHUTTERSTOCK'S THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Penske Media Corporation, by and through its attorneys, Shapiro Arato Bach LLP, provides the following responses and objections to Shutterstock's Third Set of Document Requests ("Requests").

## GENERAL OBJECTIONS

1. PMC objects to the Requests to the extent they seek to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Individual Rules of Practice for Hon. Mary Kay Vyskocil, or other applicable law.

2. PMC objects to the Requests to the extent they seek documents or information protected from disclosure by any applicable privilege, doctrine, or immunity, including without limitation the attorney-client privilege, the joint defense privilege, and the work-product doctrine. Should any such document or information be produced, the production of such document or information would be purely inadvertent and unintended. PMC reserves the right to seek the return of any inadvertently produced documents or information. Nothing in PMC's

responses and objections is intended to be or may be construed as a waiver of the attorney-client privilege, the joint defense privilege, the work-product doctrine, or any other privilege, doctrine or immunity.

3. PMC objects to the Requests to the extent they seek confidential information. PMC will produce such documents subject to the protective order that governs this action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. PMC objects to the definitions of "PMC" and "Shutterstock" on the ground that such definitions exceed the scope of a party as set forth in Local Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York and seeks to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure 26 and 33. PMC shall construe the Requests reference to PMC and Shutterstock to refer to the parties and their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. Unless specifically referring to Shutterstock's defined term, the use herein of "PMC" refers solely to Penske Media Corporation.

2. PMC objects to the definitions of "Document," and "Communication," "concerning," "regarding," "referring to," and "relating to" on the grounds that they impose obligations that exceed, or are different from, those imposed by Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. PMC shall interpret the words "concerning," "regarding," "referring to," and "relating to" in accordance with the Local Rule 26.3 definition of "Concerning."

3. PMC objects to the Instructions to the extent they impose obligations that exceed, or are different from, those imposed by Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 55:** All Documents and Communications concerning or relating to PMC's contention in paragraph 46 of the First Amended Complaint that Shutterstock's actions "unfairly interfere[d] with PMC's right to receive the benefits it expected to receive under the contract (the copyright in photographs at any third-party event that Shutterstock photographed and to which PMC tendered its credentials to Shutterstock)."

**RESPONSE TO REQUEST NO. 55:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents and as vague and ambiguous. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody, or control that it intends to rely upon in this action to support the referenced contention, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 56:** All Documents and Communications concerning or relating to PMC's contention in paragraph 46 of the First Amended Complaint that "Shutterstock's actions unfairly compete[d] with PMC."

**RESPONSE TO REQUEST NO. 56:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly

3

propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents and as vague and ambiguous. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody, or control that it intends to rely upon in this action to support the referenced contention, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 57:** All Documents and Communications concerning or relating to PMC's contention in paragraph 46 of the First Amended Complaint that Shutterstock's actions "violate[d] Shutterstock's duty of good faith and fair dealing by diminishing the value of PMC's photograph collection."

**RESPONSE TO REQUEST NO. 57:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents.  PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents.

PMC further objects to this Request as seeking documents based on a contention that makes a legal and not factual argument. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control that it intends to rely upon in this action to support the referenced contention, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 58:** All Documents and Communications concerning or relating to PMC's contention in paragraph 51 of the First Amended Complaint that as to each and all of the 2,300 Photographs at issue in the above-captioned action, "Shutterstock has misrepresented itself as the copyright owner of the 2,300 Photographs in connection with its reproduction, distribution, and/or display of those works [identified in Exhibit 1] on RexFeatures.com and Shutterstock.com, and in metadata attached to the images which Shutterstock distributes to its customers and licensees."

**RESPONSE TO REQUEST NO. 58:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents.  PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to the Request as overly broad and unduly burdensome in seeking documents not relevant to the claims or defenses of any party to this action and to the extent relevant, seeking documents that are not proportional to the needs of this action given that not all 2,300 images remain at issue in the case. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents and as vague and ambiguous. Notwithstanding its objections,

5

PMC will produce non-privileged documents within its possession, custody, or control that it intends to rely upon in this action to support the referenced contention as to the images that remain at issue in this action, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 59:** As to each and all of the 2,300 Photographs at issue in the above-captioned action, all Documents and Communications concerning or relating to PMC's contention in paragraph 52 of the First Amended Complaint that "Shutterstock knew that PMC—not Shutterstock—owned the copyright in the 2,300 Photographs."

**RESPONSE TO REQUEST NO. 59:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to the Request as overly broad and unduly burdensome in seeking documents not relevant to the claims or defenses of any party to this action and to the extent relevant, seeking documents that are not proportional to the needs of this action given that not all 2,300 images remain at issue in the case. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents and as vague and ambiguous. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody, or control that it intends to rely upon in this action to support the referenced contention as to the images that

6

remain at issue in this action, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 60:** All Documents and Communications consisting of, regarding, referring to, or relating to PMC's ownership of each and every of the 2,300 Photographs at issue in the above-captioned action, as referenced in Exhibit 1 to the First Amended Complaint.

**RESPONSE TO REQUEST NO. 60:**

PMC objects to this Request as duplicative of Request No. 38 and overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to the Request as overly broad and unduly burdensome in seeking documents not relevant to the claims or defenses of any party to this action and to the extent relevant, seeking documents that are not proportional to the needs of this action given that not all 2,300 images remain at issue in the case. PMC further objects to this Request as overly broad and unduly burdensome in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents.  Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control that it intends to rely upon in this action to support PMC's ownership of the images that remain at issue in this action, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 61:** All Documents and Communications concerning or relating to PMC's second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing.

**RESPONSE TO REQUEST NO. 61:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request on the ground that it is vague and ambiguous and lacks specificity. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges. PMC further objects to this Request as overly broad and unduly burdensome in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control upon which it intends to rely upon in this case to support the referenced cause of action on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 62:** All Documents and Communications concerning or relating to any restrictions on Shutterstock – either during or following the expiration of the parties' Agreement – from obtaining its own credentials to attend events.

**RESPONSE TO REQUEST NO. 62:**

PMC objects to this Request as vague and ambiguous with respect to the phrase "restrictions on Shutterstock." Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control related to any restrictions imposed on Shutterstock which are contained in, or flow from, the agreement at issue in this action, on a rolling basis

8

through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 63:** All Documents and Communications concerning or relating to PMC's third Cause of Action for violation of the Digital Millennium Copyright Act.

**RESPONSE TO REQUEST NO. 63:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents.  PMC further objects to this Request on the ground that it is vague and ambiguous and lacks specificity. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges.  PMC further objects to this Request as overly broad and unduly burdensome in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents.  Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control upon which it intends to rely upon in this case to support the referenced cause of action on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 64:** All Documents and Communications concerning or relating to PMC's fourth Cause of Action for Copyright Infringement.

**RESPONSE TO REQUEST NO. 64:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly

propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request on the ground that it is vague and ambiguous and lacks specificity. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges.  PMC further objects to this Request as overly broad and unduly burdensome in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents.  Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control upon which it intends to rely upon in this case to support the referenced cause of action on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 65:** All Documents and Communications identifying the Copyright Management Information that PMC alleges was falsified in Paragraphs 52-54 of the First Amended Complaint.

**RESPONSE TO REQUEST NO. 65:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications.  Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control sufficient to identify the requested information.

**REQUEST NO. 74:** All Documents and Communications supporting or referencing PMC's efforts to inform Shutterstock that it was providing copyright management information that PMC alleges was false.

**RESPONSE TO REQUEST NO. 74:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. Notwithstanding its objections, PMC will produce non-privileged, responsive documents within its possession, custody or control on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 75:** All Documents and Communications concerning or relating to PMC's understanding regarding the use of watermarks in the stock photography industry.

**RESPONSE TO REQUEST NO. 75:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC objects to the Request as overly broad and unduly burdensome, as seeking documents not relevant to the claims or defenses of any party to this action and to the extent relevant, seeking documents that are not proportional to the needs of this action.

**REQUEST NO. 76:** All Documents and Communications evidencing actual misattribution by licensees of each and every one of PMC's claimed 2,300 Photographs in the above-captioned action.

**RESPONSE TO REQUEST NO. 76:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," PMC objects to the Request as overly broad and unduly burdensome, as seeking documents not relevant to the claims or defenses of any party to this action, and, to the extent relevant, seeking documents that are not proportional to the needs of this action, given that PMC's claims concern exploitation only on or after July 17, 2020 and not through the life of the agreement at issue in this action and not all 2,300 images remain at issue in the case. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control evidencing any misattribution by a licensee with respect to images licensed or re-licensed on or after July 17, 2020, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 77:** All Documents and Communications supporting PMC's position that Shutterstock's crediting or labeling of PMC's claimed 2,300 Photographs was designed or otherwise done in order to induce, enable, facilitate, or conceal infringement.

**RESPONSE TO REQUEST NO. 77:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC objects to the Request as overly broad and unduly burdensome, as seeking documents not relevant to the claims or defenses of any party to this action, and, to the extent relevant, seeking documents that are not proportional

to the needs of this action, given that PMC's claims concern exploitation only on or after July 17, 2020 and not through the life of the agreement at issue in this action. PMC further objects to the Request as overly broad and unduly burdensome in seeking documents not relevant to the claims or defenses of any party to this action and to the extent relevant, seeking documents that are not proportional to the needs of this action given that not all 2,300 images remain at issue in the case. PMC further objects to this Request as overly broad and unduly burdensome and not proportional to the needs of this case in demanding that PMC produce documents that relate to its allegations even if PMC does not intend to rely on such documents. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control related to any misattribution by a licensee with respect to the images that remain at issue in this action and which were licensed on or after July 17, 2020, on a rolling basis through October 22, 2021, and continuing as additional documents on which PMC intends to rely may be identified and located.

**REQUEST NO. 78:** All Documents and Communications reflecting any communications with any plaintiff in any claim against PMC regarding any violation of Section 1202 of the Digital Millennium Copyright Act, including but not limited to correspondence in *Werner v. Penske Media Corp.*, 2:17-cv-6191 (C.D. Cal.).

**RESPONSE TO REQUEST NO. 78:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC objects to this Request as seeking information that is not relevant to any claim or defense, and, to the extent relevant, as not proportional to the needs of this case. PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents.

**REQUEST NO. 79:** All Documents and Communications concerning or relating to PMC's acts of "work[ing] together in good faith" to provide content as set forth in the parties' Agreement during the period January 1, 2020 through July 31, 2020.

**RESPONSE TO REQUEST NO. 79:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted the applicable stay of discovery and well after PMC finished its initial, first level review of documents. PMC further objects to this Request as seeking information that is not relevant to any claim or defense and, to the extent relevant, not proportional to the needs of this case.

**REQUEST NO. 80:** All Documents and Communications concerning or relating to PMC's provision to Shutterstock of credentials, passes, and/or VIP access to the events listed in Schedule D of the parties' Agreement.

**RESPONSE TO REQUEST NO. 80:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request as duplicative of Request Nos. 13-14 with respect to documents regarding the Third-Party Events to which PMC offered access to Shutterstock. In response to this Request, PMC refers Shutterstock to its responses to Request Nos. 13-14.

**REQUEST NO. 81:** All Documents and Communications concerning or relating to PMC's ability to provide credentials, passes, and/or VIP access to the events listed in Schedule D of the parties' Agreement.

**RESPONSE TO REQUEST NO. 81:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications," including because Shutterstock belatedly propounded this request on September 15, 2021, or more than two months after the court lifted