# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
PENSKE MEDIA CORPORATION,          :
                                   :   No. 1:20-CV-04583 (MKV)
            Plaintiff,             :
                                   :   **PMC'S RESPONSES AND**
       v.                          :   **OBJECTIONS TO**
                                   :   **SHUTTERSTOCK'S FIFTH**
SHUTTERSTOCK, INC.,                :   **SET OF REQUESTS FOR**
                                   :   **PRODUCTION**
            Defendant.             :
------------------------------------------------------------x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Penske Media Corporation, by and through its attorneys, Shapiro Arato Bach LLP, provides the following responses and objections to Shutterstock's Fifth Set of Document Requests ("Requests").

## GENERAL OBJECTIONS

1.     PMC objects to the Requests to the extent they seek to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Individual Rules of Practice for Hon. Mary Kay Vyskocil, or other applicable law.

2.     PMC objects to the Requests to the extent they seek documents or information protected from disclosure by any applicable privilege, doctrine, or immunity, including without limitation the attorney-client privilege, the joint defense privilege, and the work-product doctrine. Should any such document or information be produced, the production of such document or information would be purely inadvertent and unintended. PMC reserves the right to seek the return of any inadvertently produced documents or information. Nothing in PMC's responses and objections is intended to be or may be construed as a waiver of the attorney-client

privilege, the joint defense privilege, the work-product doctrine, or any other privilege, doctrine or immunity.

3. PMC objects to the Requests to the extent they seek confidential information. PMC will produce such documents subject to the protective order that governs this action.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. PMC objects to the definitions of "PMC" and "Shutterstock" on the ground that such definitions exceed the scope of a party as set forth in Local Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York and seeks to impose obligations that exceed, or are different from, those imposed by the Federal Rules of Civil Procedure 26 and 33. PMC shall construe the Requests reference to PMC and Shutterstock to refer to the parties and their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. Unless specifically referring to Shutterstock's defined term, the use herein of "PMC" refers solely to Penske Media Corporation.

2. PMC objects to the definitions of "Document," and "Communication," "regarding," "referring to," and "relating to" on the grounds that they impose obligations that exceed, or are different from, those imposed by Federal Rule of Civil Procedure 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. PMC shall interpret the words "regarding," "referring to," and "relating to" in accordance with the Local Rule 26.3 definition of "Concerning."

3. PMC objects to the Instructions to the extent they impose obligations that exceed, or are different from, those imposed by Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands. To the extent that the Request concerns an executed written amendment to the Agreement, PMC is not aware of any such amendment.

**REQUEST NO. 94:** All Documents and Communications that evidence, refer, or relate to any financial projections related to the Agreement, whether created before or after its execution (including, without limitation, projections of the revenue to be earned by Shutterstock or PMC from the licensing of PMC Event Content, Third Party Event Content, and Archive Content).

**RESPONSE TO REQUEST NO. 94:**

PMC objects to this Request on the grounds that it is vague and ambiguous. PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a

wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 95:** A copy of the Archive & Event Image Hosting and Licensing Term Sheet referenced in the Agreement and all drafts of the same, and all Documents and Communications that evidence, refer, or relate to the Term Sheet or any drafts of the Term Sheet.

**RESPONSE TO REQUEST NO. 95:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as vague and ambiguous with respect to the phrase "evidence, refer, or relate to the Term Sheet," as such documents would include documents regarding the parties' long form agreement. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands. Notwithstanding its objections, PMC has already produced non-privileged

documents within its possession, custody or control constituting the Archive & Event Image Hosting and Licensing Term Sheet, drafts of the same, and Communications regarding the same.

**REQUEST NO. 96:** Documents sufficient to show how much of PMC's archive, whether or not provided to Shutterstock, it has licensed on an annual basis in the past 10 years.

**RESPONSE TO REQUEST NO. 96:**

PMC objects to this Request as seeking confidential documents. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because of the time period covered by the Request, the nature of the Request, and the need to search multiple sources to attempt to ascertain the information, and because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 97:** All Documents and Communications that evidence, refer, or relate to any of the public statements that PMC made regarding the Agreement.

**RESPONSE TO REQUEST NO. 97:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC objects to this Request to the extent

it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. PMC further objects to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to any claim or defense or proportional to the needs of this case in that the Agreement existed for close to four years before Shutterstock prematurely terminated it and this action concerns only select issues of performance during that time period. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 98:** Documents sufficient to show PMC's profits and losses relating to the Agreement.

**RESPONSE TO REQUEST NO. 98:**

PMC objects to this Request to the extent it seeks confidential documents. PMC further objects to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to any claim or defense or proportional to the needs of this case in that the Agreement existed for close to four years before Shutterstock prematurely terminated it and this action

concerns only select issues of performance during that time period. PMC objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 99:** All Documents and Communications that evidence, refer, or relate to PMC's efforts to renegotiate the Agreement.

**RESPONSE TO REQUEST NO. 99:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges.  PMC objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of over three dozen document demands, which seek information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of

documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 100:** All Documents and Communications that evidence, refer, or relate to any valuations of PMC Content, PMC Event Content, Third Party Event Content, and Archive Content, as those terms are defined in the Agreement, whether prior to or after the execution of the Agreement.

**RESPONSE TO REQUEST NO. 100:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC objects to this Request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine and other applicable privileges and as seeking confidential documents. Notwithstanding its objections, PMC will produce non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST NO. 101:** All Documents and Communications that evidence, refer, or relate to the revenues that Shutterstock earned from its exploitation of PMC Content, PMC Event Content, Third Party Event Content, or Archive Content, as those terms are defined in the Agreement, or the revenues that PMC earned from Shutterstock's exploitation of the same content.

**RESPONSE TO REQUEST NO. 101:**

PMC objects to this Request as overly broad and unduly burdensome to the extent it seeks the production of "[a]ll Documents and Communications." PMC further objects to this Request to the extent it asks PMC to produce documents generated by Shutterstock regarding Shutterstock's revenues.  PMC objects to this Request to the extent it seeks information protected by the

second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 104**: All contracts between PMC, or any of its brands (including, without limitation, Fairchild Live Media, Variety, or RR1), on the one hand, and any venue, on the other hand, which relate to events that were at one time or another scheduled to occur between February 1, 2020 and June 30, 2021, and all Documents and Communications that evidence, refer, or relate to the performance, nonperformance, or modification thereof.

**RESPONSE TO REQUEST NO. 104:**

PMC objects to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to any claim or defense. PMC further objects to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to any claim or defense or proportional to the needs of this case in that underlying contracts with venues have no relevance to this dispute. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions

13

and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 105:** All agreements that PMC has entered, other than the Agreement, to exploit its archive content and/or live event content, including with Getty Images, in effect since January 1, 2010.

**RESPONSE TO REQUEST NO. 105:**

PMC objects to this Request as overly broad and unduly burdensome and seeking documents that are not relevant to any claim or defense and not proportional to the needs of this case given the time period and the breadth of the content covered. PMC further objects to this Request as overly broad, unduly burdensome, harassing, and not proportional to the needs of this case including because Shutterstock belatedly propounded this Fifth Set of Requests, consisting of over three dozen document demands seeking information across a range of broad topics, and not just targeted clean up issues, on October 15, 2021, more than six months after discovery commenced, after Shutterstock served four prior sets of requests, and after PMC finished its second level review of tens of thousands of documents, and as the parties were working to complete and not begin their document production. Between October 15 and now, PMC has had to work on completing its document production, reviewing close to 100,000 pages of documents produced by Shutterstock, and preparing for depositions and should not be burdened with a wholesale production of documents across the wide range of subjects demanded by Shutterstock, including many subjects which overlap with Shutterstock's prior demands.

**REQUEST NO. 106:** Documents sufficient to show the frequency and volume of delivery to Shutterstock of PMC Content, PMC Event Content, Third Party Event Content, and Archive Content, as those terms are defined in the Agreement.