USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENSKE MEDIA CORPORATION,

          Plaintiff,

-against-

SHUTTERSTOCK, INC.,

          Defendant.

1:20-cv-04583 (MKV)

**ORDER TO SHOW CAUSE**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Penske Media Corporation ("PMC" or "Plaintiff") brought this action in 2020 against Shutterstock, Inc. ("Shutterstock" or "Defendant"), originally asserting a myriad of federal and state claims in connection with the breakdown of an agreement between the parties precipitated by the COVID-19 pandemic. However, the parties have whittled this action down to the following claims: PMC's claim for breach of contract, and Shutterstock's counterclaims for rescission under the frustration of purpose doctrine, restitution after rescission, and breach of contract. [ECF No. 178]. In other words, the parties voluntarily dismissed all *federal* claims upon which federal jurisdiction was based in this case, and only state law claims remain. [ECF No. 178].

    Federal courts have limited subject matter jurisdiction and normally may not entertain matters when they do not have jurisdiction. *See e.g.*, *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Congress has granted district courts limited original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met. *See* 28 U.S.C. § 1332. *Purdue Pharma*, 704 F.3d at 213.

The parties do not assert diversity jurisdiction in this action, nor can they. Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). A corporation is deemed to be a citizen both of any state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). PMC and Shutterstock are both undisputedly Delaware corporations. *See* [ECF No. 57 at 12]; [ECF No. 65 at ¶¶ 5–6.] As such, no diversity jurisdiction exists.

Therefore, for federal subject matter jurisdiction to exist here, the dispute must raise a federal question. PMC and Shutterstock recognized this by repeatedly pleading jurisdiction under 28 U.S.C. § 1331 in the complaints and counterclaims. *See* Pleadings [ECF No. 2, ¶ 12]; [ECF No. 29, ¶ 12]; [ECF No. 149, ¶ 12]; [ECF No. 57 at p. 15]; [ECF No. 77 at p.13]. However, the parties have now entered into a stipulation of voluntary dismissal, which dismissed *all* federal claims and counterclaims in this action, and thereby dismissed all claims upon which federal subject matter jurisdiction was based. [ECF No. 178].

Accordingly, IT IS HEREBY ORDERED that **by March 22, 2024**, each party shall file on the docket a letter, **not to exceed three pages**, showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction.

**SO ORDERED.**

Date: **March 11, 2024**
New York, NY

*Mary Kay Vyskocil* (signature)
**MARY KAY VYSKOCIL**
**United States District Judge**