

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

March 22, 2024

The Honorable Mary Kay Vyskocil
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Penske Media Corp. v. Shutterstock, In*c., 20-cv-4583 (MKV)

Dear Judge Vyskocil:

We represent Plaintiff Penske Media Corporation ("PMC"). We write pursuant to the Court's Order to Show Cause (ECF No. 201) as to why the remaining state law claims in this case should not be dismissed for lack of subject matter jurisdiction, given the Court's recent dismissal of the parties' federal law claims. For the reasons set forth below, PMC submits that the governing factors are best served by the Court retaining jurisdiction of the remaining state law claims. However, should the Court dismiss without prejudice the remaining state law claims, as it stated it is inclined to do (ECF No. 200), it should first obtain assurances from both parties that they would not seek to duplicate or rehash in a new state court action the significant discovery they have completed while the case has been pending before this Court. PMC provides those assurances now: it would not seek to duplicate or rehash in a new state court action the discovery it has completed before this Court.

PMC recognizes that the Court "may decline to exercise supplemental jurisdiction," where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). However, dismissal of the remaining state claims "is not automatic when a district court has dismissed all the federal claims in an action, even before trial." *Clerge v. Consol. Edison*, No. 95-cv-9072-MBM, 1999 WL 239688, at *5 (S.D.N.Y. Apr. 23, 1999) (citing *Purgess v. Sharrock,* 33 F.3d 134, 138 (2d Cir. 1994)). Rather, "[w]hen § 1367(c)(3) applies, the district court must . . . meaningfully balance" the considerations of "economy, convenience, fairness, and comity" and the court "should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote" those factors. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85-86 (2d Cir. 2018).

While this action is not trial ready, judicial economy would be best served by the Court retaining jurisdiction because this action has been pending for more than three and one-half years and the Court already is familiar with the facts and issues concerning the remaining state court claims and the agreement at issue. *See Kurtz v. Lupica*, No. 20-cv-3401-PAE, 2023 WL 3510646, at *1 (S.D.N.Y. Apr. 26, 2023); *Posr v. Pascale*, No. 15-cv-0584-BMC-LB, 2017 WL 1366004, at *7–8 (E.D.N.Y. Apr. 12, 2017); *Clerge*, 1999 WL 239688, at *6; *see also* Opinion and Order dated July 9, 2021, ECF No. 71 at 1-3 and 9 (addressing the agreement in dispute); Memo

The Honorable Mary Kay Vyskocil
March 22, 2024

Endorsements dated November 10, 2021 (ECF No. 89) and December 21, 2021 (ECF Nos. 92 and 93) (resolving discovery disputes related to the remaining state law claims); Order dated September 27, 2022 (ECF No. 144) (same); Letter Motions dated March 23, 2022 (ECF Nos. 110 and 112) (parties' pre-motion conference filings, including draft Rule 56.1 statements, regarding summary judgment motion concerning remaining state law claims); Orders dated October 19, 2022 and November 10, 2022 (ECF Nos. 146 and 147) (scheduling and documenting pre-motion conference regarding summary judgment motion concerning remaining state law claims).[1]

Comity, moreover, does not support a dismissal of the remaining state law claims because the claims involve contract law and frustration of purpose and related defenses which "present no novel questions of state law." *Clerge*, 1999 WL 239688, at *6. Federal courts have decided numerous contract claims involving the frustration of purpose doctrine. *See, e.g.*, *U.S. v. General Douglas MacArthur Senior Village, Inc.*, 508 F.2d 377 (2d Cir. 1974); *CAI Rail, Inc. v. Badger Mining Corp.*, 2021 WL 705880, at *9 (S.D.N.Y. Feb. 22, 2021); *Robert J. McRell Assocs., Inc. v. Ins. Co. of N. Am.*, 677 F. Supp. 721, 728-29 (S.D.N.Y. 1987); *Gap, Inc. v. Ponte Gadea New York LLC*, No. 20-cv-4541-LTS-KHP, 2021 WL 861121, at *9 (S.D.N.Y. Mar. 8, 2021); *see also* Plaintiff's Motion for Summary Adjudication, dated March 17, 2023, ECF No. 168, at 10-12 (citing federal cases).

Finally, because of the significant discovery conducted in this case, it would best serve all the governing factors for the Court to either retain jurisdiction or ensure that the parties' past discovery efforts are not squandered should the Court decline jurisdiction and require PMC to pursue its claims in a new state court proceeding. Thus, should the Court remain inclined to dismiss the remaining state law claims without prejudice, the Court should ensure that the extensive discovery completed in this Court will be available for use in state court and not redone.

The parties engaged in voluminous discovery in this action, the vast majority of which relates to the remaining state law claims. Discovery concluded on February 28, 2022. (Order dated April 7, 2022, ECF No. 125, at 2). Twenty-one people were deposed for a total of twenty-four days, across three cities (New York, Miami, and Los Angeles), and over forty thousand documents (adding up to almost two hundred thousand pages) were exchanged. The parties also briefed, and the Court resolved, several discovery disputes related to the remaining state law claims. (Memo Endorsements dated November 10, 2021 (ECF No. 89) and December 21, 2021 (ECF Nos. 92 and 93); Order dated September 27, 2022 (ECF No. 144)).

As the case law recognizes, it would disserve economy, convenience, and fairness if the parties had to redo the above discovery in a new state court action. Indeed, courts that have exercised their discretion to retain supplemental jurisdiction over state law claims often do so to avoid

---

[1] Although this Court's March 11, 2024 Order Denying Without Prejudice Cross Motions for Summary Judgment (ECF No. 200) is directed at cross motions for summary judgment, only PMC moved for summary judgment on the remaining state law claims. Shutterstock did not cross move on those claims. Instead, Shutterstock filed a motion for summary judgment regarding PMC's Second Claim for Relief, but that claim was dismissed via the parties' stipulation of dismissal. (ECF No. 178).

The Honorable Mary Kay Vyskocil
March 22, 2024

burdening the parties with duplicative litigation. And courts that have declined to retain supplemental jurisdiction over such claims have assured themselves that no such discovery redo would take place. *Compare Catzin*, 899 F.3d at 86 (retaining jurisdiction where requiring the claims to be litigated in a new state court action would "caus[e the parties] to expend who knows how much time, legal fees, and distraction starting over in state court."); *Diaz v. Viagran*, No. 16-CV-9106 (CM), 2018 WL 4360790, at *13 (S.D.N.Y. Aug. 29, 2018) (retaining supplemental jurisdiction where "[d]ismissing the claims would require the parties to duplicate much of their work before another court"); and *Ryan v. New York State Thruway Auth.*, 889 F. Supp. 70, 80 (N.D.N.Y. 1995) (retaining jurisdiction where "[n]either judicial economy nor the parties would be served by forcing the parties to begin this litigation anew in state court"); *with Compo v. River Real Est. Dev., LLC*, No. 818-cv-614-BKS-DJS, 2020 WL 6196138, at *8 (N.D.N.Y. Oct. 22, 2020) (declining jurisdiction where the parties agree "there would be no need for any further discovery in state court," so requiring plaintiff to refile in state court would not cause "unusually high and unnecessary burden, delay and waste of judicial resources"); *Mateo v. Paez*, No. 10-cv-3568-PKC, 2014 WL 2589480, at *2 (E.D.N.Y. June 10, 2014) (declining to exercise jurisdiction where "Plaintiff can use this discovery to pursue his claims in state court"); and *Allard v. Arthur Andersen & Co. (U.S.A.)*, 957 F. Supp. 409, 425-26 (S.D.N.Y. 1997) ("there is . . . little unfairness" where the case is "promptly scheduled for trial" in state court since "the voluminous discovery" "would not be wasted" as it "would be available for use" in state court).

Any redoing of discovery in state court would also disserve judicial economy and comity by burdening the state court with discovery matters which this Court already has resolved. *Cf. Diaz*, 2018 WL 4360790, at *13 (S.D.N.Y. Aug. 29, 2018) (retaining supplemental jurisdiction where commencing the action anew in state court "would squander the [federal] Court's work on the case."). It would also give the losing party on those disputes an unfair second bite at the apple.

In sum, the court should exercise its discretion to retain supplemental jurisdiction over the state law claims for the reasons set forth above. If the Court declines to exercise supplemental jurisdiction over these claims, the Court should ensure that the extensive discovery completed in this Court will be available for use in state court and not redone. *E.g.*, *Compo*, 2020 WL 6196138, at *8; *Allard*, 957 F. Supp. at 425; *Mateo*, 2014 WL 2589480, at *2.

                              Respectfully submitted,

                              /s/Cynthia S. Arato
                              Cynthia S. Arato