```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENSKE MEDIA CORPORATION,

                Plaintiff,

-against-

SHUTTERSTOCK, INC.,

                Defendant.

1:20-cv-04583 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

    On March 11, 2024, the Court issued an Order [ECF No. 201] directing each party to file a letter on the docket "showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction" in light of the parties' voluntarily dismissal of all federal claims and counterclaims upon which federal jurisdiction was based in this case, such that only state law claims remain. [ECF No. 178].

    Defendant filed a response asserting that "no cause exists to prevent dismissal of the case for lack of federal subject matter jurisdiction," and as such, "the case should be dismissed." [ECF No. 202]. Plaintiff filed a response "recognizing that the Court 'may decline to exercise supplemental jurisdiction,' where, as here, it 'has dismissed all claims over which it has original jurisdiction.'" [ECF No. 203] (citing 28 U.S.C. § 1367(c)(3)). Plaintiff requested, however, that "should the Court dismiss without prejudice the remaining state law claims . . . it should first obtain assurances from both parties that they would not seek to duplicate or rehash in a new state court action the significant discovery they have completed while the case has been pending before this Court." [ECF No. 202]. For the following reasons, this case is hereby DISMISSED.

**DISCUSSION**

Federal courts have limited subject matter jurisdiction and normally may not entertain matters when they do not have jurisdiction. *See e.g.*, *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Durant, Nichols, Houston, Hodgson, & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009). Congress has granted district courts limited original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met. *See* 28 U.S.C. § 1332. *Purdue Pharma*, 704 F.3d at 213. The parties concede that all claims over which the Court had original jurisdiction in this action have now been dismissed voluntarily by the parties. [ECF Nos. 201 and 202].

Under Title 18 United States Code Section 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction." 18 U.S.C.A. § 1367(c)(3). The Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward *declining* to exercise jurisdiction over the remaining state-law claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–29 (1966) (emphasis added); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction.") (internal quotation marks and citations omitted). "Nonetheless, even "[w]hen [Section] 1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018).

The Court has balanced the relevant factors and finds that they weigh in favor of declining to exercise supplemental jurisdiction. First, judicial economy supports dismissal of Plaintiff's state law claims because this case is far from trial ready. *See e.g.*, *Catzin*, 899 F.3d at 83; *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003). Comity also strongly supports dismissal of state law claims. Although Plaintiff's contract-related state claims are not particularly "novel" or "unsettled" areas of state law, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. 715, 726. Finally, any concerns with respect to fairness are mitigated by the Court's amendment of the Protective Order in this case, as ordered below.

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction with respect to purely contract-related state claims. *See Myers v. Doherty*, No. 21-3012-CV, 2022 WL 4477050, at *4 (2d Cir. Sept. 27, 2022) ("having properly dismissed all federal claims, the district court did not abuse its discretion in also dismissing the state-law claims").

Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED. Notwithstanding, IT IS FURTHER ORDERED that the Stipulated Protective Order at ECF No. 72 is AMENDED to permit the use, by either party, of any discovery in this case to be used in any subsequent action in which the surviving state law claims are ultimately litigated. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: **March 27, 2024**  
**New York, NY**

*/s/ Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**